**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

SHELLEY ANN VANCE,

     Defendant-Appellant.

No. 16-6241
(D.C. Nos. 5:05-CR-00208-M-1
& 5:16-CV-00535-M)
(W.D. Okla.)

_____

**ORDER**
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Ms. Shelley Ann Vance pleaded guilty to robbing four banks and brandishing a firearm during and in relation to one of the robberies. Ms. Vance was sentenced to 205 months of imprisonment. In district court, she challenged her sentence under 28 U.S.C. § 2255.

The court rejected this challenge based on timeliness, and Ms. Vance wants to appeal. To do so, she seeks a certificate of appealability and leave to proceed in forma pauperis. *See* 28 U.S.C. § 2253(c)(1)(B) (2012) (certificate of appealability); *id.* § 1915(a)(1) (leave to proceed in forma pauperis). But through a plea agreement, Ms. Vance waived her right to seek relief under § 2255. In light of this waiver, we (1) decline to issue a

certificate of appealability, (2) dismiss the appeal, and (3) deny leave to proceed in forma pauperis.

We need not address the issue of timeliness because the plea agreement contained an enforceable waiver of the right to seek collateral relief under § 2255. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) ("[W]e may deny a [certificate of appealability] if there is a plain procedural bar to habeas relief, even though the district court did not rely on that bar."). We previously relied on this waiver when we dismissed Ms. Vance's direct appeal. *United States v. Vance*, 182 F. App'x 817 (10th Cir. 2006) (per curiam). The waiver precluded not only a direct appeal but also a collateral challenge to the way that the sentence is imposed if the sentence fell within the guideline range found by the district court. Ms. Vance was sentenced within the guideline range, and we have already held that the appeal waiver is enforceable. Thus, Ms. Vance could not obtain relief under § 2255 even if her motion were timely.

In these circumstances, we (1) decline to issue a certificate of appealability and (2) dismiss the appeal. In the absence of a reasonably debatable appeal point, we also deny leave to proceed in forma pauperis.

*See* 28 U.S.C. § 1915(a)(3) (2012); *Rolland v. Primesource Staffing, LLC*, 497 F.3d 1077, 1079 (10th Cir. 2007).

Entered for the Court


Robert E. Bacharach
Circuit Judge