FILED
United States Court of Appeals
Tenth Circuit

January 26, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SUGAR RAY MOORE,

      Plaintiff-Appellant,

v.

OKLAHOMA HOUSING FINANCE
AGENCY,

      Defendant-Appellee.

No. 11-6109
(D.C. No. 5:10-CV-00604-W)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

Plaintiff Sugar Ray Moore, appearing pro se, appeals from the district

court's February 25, 2011, order granting summary judgment to defendant

Oklahoma Housing Finance Authority (OHFA) on his claims under the Fair

Housing Act (FHA), 42 U.S.C. §§ 3601-3631, and under 42 U.S.C. § 1983.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court denied Mr. Moore's motion for leave to proceed on appeal in forma pauperis (*ifp*) on the ground that his appeal "would not be taken in good faith, e.g., 28 U.S.C. § 1915(a)(3), and would lack an arguable basis in law or fact."  D.C. No. 5:10-cv-00604-W, Doc. 50, at 2.  Mr. Moore has therefore filed a motion in this court for leave to proceed *ifp* on appeal, which OHFA opposes on the ground that Mr. Moore's arguments are frivolous.  We agree with OHFA.  For the reasons stated below, we deny Mr. Moore's motion for leave to proceed *ifp* and we dismiss the appeal.

I.  Procedural History

The posture of this case is briefly summarized as follows.  OHFA is a non-profit Oklahoma public trust which administers the Section 8/Housing Choice Voucher Program for the State of Oklahoma.  This program provides monthly subsidies to assist low-income families, the elderly, and the disabled in making rental housing payments.  Mr. Moore was eligible for benefits under the Section 8 program because of his disability and low-income status, and he started receiving benefits in 2005.

In 2009, OHFA scheduled an annual meeting with Mr. Moore to verify his continued eligibility for benefits.  He missed the first scheduled meeting.  In the notice for the second meeting, scheduled for eight days later, Mr. Moore was

advised that he could not cancel or reschedule this appointment without documentation of an emergency or medical reason. He missed the appointment.

Shortly thereafter, OHFA notified Mr. Moore that it was initiating termination proceedings for his subsidy. Mr. Moore's sister wrote a letter on his behalf to OHFA explaining that he missed the two appointments because he wrote down the wrong month for the first appointment and received no notice of the second one. OHFA construed the letter as an appeal, which OHFA denied. OHFA later held a hearing to review the termination of Mr. Moore's benefits. He was advised in advance that he could retain counsel and present documentation, but he appeared at the hearing pro se and presented nothing additional. A letter was issued after the hearing confirming the termination of Mr. Moore's Section 8 benefits. He was told that he would not be eligible to reapply for three years.

Mr. Moore then submitted a variety of documents to OHFA trying to reinstate his benefits. He included documents describing the nature of his disability and showing that a medical appointment had conflicted with the second OHFA appointment. OHFA did not immediately change its position.

Mr. Moore eventually filed this suit against OHFA, alleging that OHFA had discriminated against him based on his disability in violation of the FHA and that the procedure it had used in terminating his benefits violated his Fourteenth Amendment right to due process. A few weeks after Mr. Moore filed his complaint, OHFA sent him a letter reinstating his Section 8 benefits, conditioned

upon the scheduling of an eligibility certification meeting. Mr. Moore did not dismiss his lawsuit, however. After some discovery occurred, OHFA filed a motion for summary judgment, and Mr. Moore responded. The district court granted the motion and entered judgment in favor of OHFA. Mr. Moore filed a motion for reconsideration, which the district court denied. He appeals.

## II. Discussion

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The Supreme Court has held that an appeal is taken under § 1915 in objective good faith when it presents "any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Conversely, "[a]n appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (internal quotation marks omitted). We have held that "a party who seeks in forma pauperis status and is certified by the district court as not appealing in good faith may nonetheless move this court for leave to proceed on appeal in forma pauperis pursuant to the mechanism set forth in [Fed. R. App. P.] Rule 24(a)(5)." *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007) (citing § 1915(a)(3), (e)(2)). Upon consideration, however, we deny Mr. Moore's motion for leave to proceed *ifp*.

The district court correctly set out the summary judgment standard under Fed. R. Civ. P. 56(a) and Supreme Court precedent, noting its duty to determine only whether there was a genuine issue for trial. The court then summarized the parties' evidence, stating that it accepted Mr. Moore's version of events as true, to the extent that his factual assertions were supported by the record; the court also set out the citations to the record for the facts it deemed relevant. The court then analyzed Mr. Moore's complaint, setting out in detail its reasons, supported by legal authority, for concluding that Mr. Moore's allegations failed as a matter of law. The court specifically stated that

> [t]here is no evidence . . . that establishes that OHFA was aware of the nature of Moore's disability or the reason for his receipt of supplemental security income prior to the [post-termination] hearing, and Moore has cited no authority that imposes a duty on OHFA to ascertain the type of disability that Moore had to determine if Moore had a valid, documented medical reason for missing the appointments. See, e.g., 24 C.F.R. § 100.202(c) (shall be unlawful to make inquiry as to nature and severity of handicap).

R., Vol. 1, at 284 (footnote omitted).

On appeal, Mr. Moore has failed to raise in his opening brief any argument with regard to his due process claim, so that issue is deemed waived. *See Porro v. Barnes*, 624 F.3d 1322, 1329 n.2 (10th Cir. 2010). In addition, his arguments with regard to his FHA claims are conclusory and unsupported by meaningful legal authority or citations to the record evidence. He has utterly

failed to address the district court's reasoning. As a result, we are unable to discern in what way Mr. Moore believes the court's reasoning is in error.

We conclude that this appeal is frivolous, DENY Mr. Moore leave to proceed on appeal without paying the filing fee, and DISMISS the appeal.

Mr. Moore is directed to pay the full filing fee of $450.00 within thirty days of the date of this order. Mr. Moore's motion to strike OHFA's response and objection to his motion to proceed *ifp* is DENIED. Mr. Moore's response and objection to OHFA's merits brief is also DENIED. OHFA's motion for leave to file a supplemental appellate brief is DENIED.

Entered for the Court

Stephen H. Anderson
Circuit Judge