FILED
United States Court of Appeals
Tenth Circuit

June 30, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

VICKI DILLARD CROWE,

     Defendant - Appellant.

No. 16-1253
(D.C. Nos. 1:15-CV-00655-MSK and
1:10-CR-00170-MSK-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Vicki Dillard Crowe, a former federal prisoner now out of prison on supervised release, appeals the denial of her 28 U.S.C. § 2255 habeas corpus petition.[1] The district court also denied her a certificate of appealability (COA), as do we.

In December 2011, a jury in the District of Colorado convicted Crowe of eight counts of mail fraud in violation of 18 U.S.C. § 1341 and eight counts of wire fraud in violation of 18 U.S.C. § 3143. In June 2012, Crowe made a Motion for Judgment

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Crowe is proceeding pro se, so we construe her pleadings liberally, though we do not act as her advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

of Acquittal and an alternative Motion for New Trial, which the district court denied on the merits. The motions included ineffective-assistance-of-counsel claims. In September 2012, the district court sentenced her to 60 months in prison, with three years of supervised release to follow. Crowe appealed her conviction and sentence and we affirmed on the merits, including the merits of her ineffective-assistance claims.

On the last possible day—March 24, 2015—Crowe submitted a § 2255 petition to the legal-mail system of the prison in which she was incarcerated, thereby fulfilling the prison mailbox rule, *see United States v. Gray*, 182 F.3d 762, 765 n.4 (10th Cir. 1999), and making her petition timely even though it was not filed with the court until six days later. The petition consisted of eighteen ineffective-assistance claims, relating either to Crowe's trial counsel, counsel at sentencing, or appellate counsel. The claims had only barebones arguments and facts to back them up, but included with the petition was a statement by Crowe notifying the court that she intended to file a follow-up memorandum of law to better support her claims. Crowe stated that she would submit the memorandum at a time determined by the district court, or on or before April 30, 2015. As the petition was submitted on the last day allowed by § 2255's time limits, this follow-up memorandum would of course have come a month past the deadline.

But because of what appears to be a mutual misunderstanding, the memorandum never came at all. One week after the district court received Crowe's petition, it ordered the government to address, within 21 days, the timeliness of

Crowe's petition. The order also allowed Crowe to reply to the government's response. On April 28, 2015, the government responded as directed, stating that it found Crowe's petition to be timely. In June 2015, Crowe also filed a reply, acknowledging the government's concession on timeliness, affirming that her petition was indeed timely, and stating that she now trusted "that this matter is able to proceed since the Court's inquiry regarding timing has been addressed." R. at 86.

These pleadings, while seeming to have cleared the deck for the case to proceed, instead induced an 11-month paralysis. Crowe claims that she interpreted the district court's timeliness order to mean that the normal course of the § 2255 proceedings were on pause until the timeliness matter was resolved. And because the district court never issued an order formally resolving timeliness, Crowe says she believed the matter to be unresolved and so held off on submitting further court documents. Meanwhile, the district court shared no such perception—it evidently believed that the government's concession had resolved the timeliness question and so awaited the arrival of Crowe's follow-up memorandum (even though it had never formally approved the past-the-deadline submission of the memorandum). In this standoff, Crowe and the district court sat for the next 11 months, each waiting for the other to act.

Finally, in May 2016, the district court decided that no follow-up memorandum was forthcoming, and so proceeded to evaluate the barebones arguments and facts that Crowe had already submitted. Unsurprisingly, it found them severely lacking—the ineffective-assistance claims that were not duplicative of her

3

prior claims were merely conclusory assertions lacking in specific citations to evidence. The district court found that the failure to file the follow-up memorandum, which might have bolstered Crowe's claims with more in-depth discussion of specific counsel errors, "requires that her § 2255 motion be denied as insufficient." *Id.* at 93. The court also denied her a COA. Crowe moved for the district court to reconsider, but the district court declined to do so, and also certified that Crowe's appeal was not taken in good faith and denied her *in forma pauperis* (*ifp*) status on appeal. *See* 28 U.S.C. § 1915(a)(3).

Crowe, emphasizing her pro se status and the misunderstanding, urges us to rewind the clock and finally allow her to fully brief her § 2255 petition. The misunderstanding and the delay in this case seem to have been both regrettable and avoidable. But they do not alter the fact that Crowe submitted her § 2255 petition on the last possible day. That last-minute filing still made her petition timely—and had she submitted her memorandum of law at the same time as the petition, it too would have been timely. But of course, a last-minute filing means that anything filed later is untimely. Crowe might have hoped that the district court would consider her memorandum anyway, but the district court never gave any formal indication that it would, and Crowe had no right to expect such a result. At any time, the district court could have denied Crowe the opportunity to file the follow-up memorandum. The

fact that the district court did not, though partly responsible for the confusion, does not mean that it or we must accept the memorandum now.[2]

Therefore, we, like the district court, consider only the materials that Crowe has already submitted. To obtain a COA, Crowe must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Crowe's petition does not do so. Her claims either repeat claims she made earlier or set out only impermissibly vague assertions of the ineffective assistance of her counsel.

We also deny Crowe *ifp* status on appeal. Even a party who has been certified as not appealing in good faith, such as Crowe, can request *ifp* status on appeal so long as she shows both a financial inability to pay and a reasoned, nonfrivolous argument, and follows the procedure mandated by Fed. R. App. P. 24(a)(5). *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1078-79 (10th Cir. 2007).[3] But Crowe has not shown the existence of a reasoned, nonfrivolous argument and so must be denied *ifp* status.

---

[2] Crowe's brief also contains few, if any, hints about what arguments a potential follow-up memorandum would make to satisfy the required showings for a successful ineffective-assistance claim. *See Strickland v. Washington*, 466 U.S. 668 (1984).

[3] "Upon its face, § 1915(a)(3) would appear to foreclose our consideration of [a motion to proceed IFP]; its mandatory language denies the availability of an appeal in forma pauperis upon the district court's certification of a lack of good faith, and it provides no escape hatch of appellate review or reconsideration. Federal Rule of Appellate Procedure 24(a)(5), on the other hand, purports to expressly permit our consideration of [such] a motion . . . . The palpable conflict between these provisions is resolved in favor of the procedures dictated by Rule 24(a)(5), by virtue of the fact that its most recent reenactment postdates that of § 1915(a)(3)." *Rolland*, 497 F.3d at 1078.

## CONCLUSION

For the reasons stated, we deny Crowe a COA, deny her *ifp* status, and dismiss the appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge