**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 22, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GENE ANTHONY HARRY ALLEN,

     Petitioner - Appellant,

v.

THE PEOPLE OF THE STATE OF
COLORADO; ADAM PAUL LAXALT,
The Attorney General for the State of
Nevada,

     Respondents - Appellees.

No. 17-1211
(D.C. No. 1:17-CV-00827-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **EBEL**, and **MORITZ**, Circuit Judges.
_____

     Gene Anthony Harry Allen, pro se, seeks a certificate of appealability (COA) to

appeal the district court's determination that his 28 U.S.C. § 2254 habeas application is

an unauthorized second or successive petition over which it lacked jurisdiction. The

court denied a COA. It also certified that any appeal would not be taken in good faith

and denied Allen permission to proceed in forma pauperis (IFP) on appeal. We deny a

COA and dismiss this matter. We also deny the motion to proceed IFP on appeal.

---

    [*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1994, Allen was convicted in Colorado state court of third-degree sexual assault. Since that time, he has filed numerous unsuccessful collateral attacks on his conviction in the federal courts. Most recently, he filed the § 2254 petition at issue.

The district court concluded that the petition was an unauthorized second or successive § 2254 petition over which it lacked jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization."); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [§ 2254] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

To appeal, Allen must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). Where, as here, a district court has dismissed the filing on procedural grounds—Allen's failure to obtain authorization from this court to file a second or successive habeas petition—to obtain a COA he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We bypass the constitutional question because we can easily dispose of this matter based on the procedural one. *See id*. at 485.

Allen's application does not mention, let alone explain any procedural error. Nor does it allege any constitutional violation. As such, we affirm the district court's

2

determination that Allen's petition was an unauthorized second or successive § 2254 petition.

Even a party who has been certified as not appealing in good faith under 28 U.S.C. § 1915(a)(3), "may nonetheless move this court for leave to proceed on appeal in forma pauperis pursuant to the mechanism set forth in [Fed. R. App. P.] 24(a)(5)." *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007). Still, to prevail on his renewed motion, Allen must demonstrate not only "a financial inability to pay the required filing fees," but also "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991); *see also Rolland* at 1079. Because Allen has failed to meet this test, we deny his motion to proceed IFP on appeal.

We deny a COA and Allen's motion to proceed IFP and dismiss this matter. We deny Allen's second motion for appointment of counsel.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

3