**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

|  |  |
|---|---|
| MANUEL DANIEL, JR., | |
| Petitioner - Appellant, | |
| v. | No. 18-6010 |
| | (D.C. No. 5:17-CV-00120-F) |
| JANET DOWLING, | (W.D. Oklahoma) |
| Respondent - Appellee. | |

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **HARTZ,** and **McHUGH**, Circuit Judges.

Manuel Daniel, Jr., an Oklahoma state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the dismissal of his petition for writ of

habeas corpus. He also seeks leave to proceed in forma pauperis. We deny both requests

and dismiss this appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Daniel is pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I. BACKGROUND

In 2014, Mr. Daniel was convicted of first-degree murder and sentenced to life imprisonment.[2] The Oklahoma Court of Criminal Appeals ("OCCA") affirmed. After failing to secure post-conviction relief in state court, Mr. Daniel next sought habeas relief in federal court under 28 U.S.C. § 2254. Mr. Daniel's habeas petition raises a single claim—that he is "actually innocent of the charged offense." R. Vol. 1 at 7. The district court referred Mr. Daniel's petition to a magistrate judge, who liberally construed it as seeking habeas relief based on insufficiency of the evidence, rather than as asserting a freestanding actual-innocence claim. *Daniel v. Dowling*, No. CIV-17-120-F, 2017 WL 6803441, at *1 (W.D. Okla. Nov. 27, 2017). The magistrate judge explained that he did so for two reasons. First, the Supreme Court has not resolved "whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence," *id.* (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)), and so "interpreting Petitioner's allegation in this manner would likely result in dismissal," *id.* Second, even if actual innocence were a viable freestanding claim, Mr. Daniel did not allege any newly discovered evidence, which would be a prerequisite to proving actual innocence. *Id.* After

---

[2] In brief, Mr. Daniel was convicted of murdering his drug dealer, Melissa Bost. Evidence presented at trial established that Mr. Daniel called Ms. Bost in the early hours of February 28, 2012, asking her to come to his home to sell him drugs. In reality, Mr. Daniel had no money, and he planned to rob Ms. Bost instead. After Ms. Bost arrived at his home, Mr. Daniel stabbed her multiple times in the body and neck, killing her. With help from an acquaintance who was present at the scene, Mr. Manual carried Ms. Bost's body to her car and drove her away. Police discovered her body the same day. A few weeks later, police executed a search warrant at Mr. Daniel's house. They discovered that Mr. Daniel had removed large carpet pieces and scrubbed the underlying wooden floors. They also found a torn fingernail belonging to Ms. Bost in a vacuum cleaner.

carefully reviewing the trial evidence and the OCCA's summary opinion on direct appeal, the magistrate judge recommended that the petition be denied because the OCCA reasonably applied federal law in rejecting Mr. Daniel's sufficiency-of-the-evidence claim. *Id.* at *5. The district court accepted, adopted, and affirmed the magistrate judge's report and recommendation in its entirety. It also denied a COA.

The district court entered final judgment on January 2, 2018. Mr. Daniel filed a timely notice of appeal. He also sought leave to proceed on appeal without prepayment of fees and costs or giving security therefor. The district court denied that request. And, in doing so, it certified pursuant to 28 U.S.C. § 1915(a)(3) that the present appeal is not taken in good faith. That appeal is now before us.

## II. ANALYSIS

On appeal, Mr. Daniel attempts to renew his actual-innocence claim. His argument is a bold one: he contends that evidence presented at trial "establishes far beyond all doubt that he had absolutely nothing to do with Ms. Bost's death." Appellant's Br. 12. And there is no doubt that Mr. Daniel means to pursue an actual-innocence claim, as opposed to a sufficiency-of-the-evidence claim. *See, e.g.*, *id.* at 13 ("The **FACTS** Appellant has presented to the Court establish[ ] his **ACTUAL INNOCENCE**.").

Because the district court denied a COA, we lack jurisdiction to consider Mr. Daniel's claim unless and until we issue a COA of our own. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). And we cannot issue a COA unless we are persuaded that Mr. Daniel "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court

3

rejected a petitioner's constitutional claim on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). At this stage, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El*, 537 U.S. at 327).

Mr. Daniel has not made that showing. As an initial matter, Mr. Daniel was not prejudiced by the district court's choice to construe his petition as raising a sufficiency-of-the-evidence claim rather than an actual-innocence claim. As the magistrate judge correctly observed, Mr. Daniel "does not allege there is any newly discovered evidence." *Daniel*, 2017 WL 6803441, at \*1. Mr. Daniel does not dispute that finding. To the contrary, his actual-innocence claim appears to rely exclusively on evidence admitted at trial. *See, e.g.*, Appellant's Br. 7 (conceding that "the two most important facts" supporting Mr. Daniel's actual innocence were both presented through testimony at his trial). If the trial evidence was sufficient to support a guilty verdict, it is necessarily insufficient to support habeas relief on actual-innocence grounds. That is to say, Mr. Daniel's actual-innocence claim is subsumed by the easier-to-prove sufficiency-of-the-evidence claim.

To prevail on a sufficiency-of-the-evidence claim, a habeas petitioner must show "that upon the record evidence adduced at the trial no rational trier of fact could have

4

found proof of guilt beyond a reasonable doubt." *Lott v. Trammell*, 705 F.3d 1167, 1219–20 (10th Cir. 2013) (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)). Mr. Daniel's application for a COA details the lack of physical evidence connecting him to the murder: there was no blood found in his house, his DNA was not found under the victim's fingernails, and neither his blood nor his DNA was found in the victim's car. Appellant's Br. 7–12; *see Daniel*, 2017 WL 6803441, at *4. But lack of physical evidence does not doom a conviction. *See Matthews v. Workman*, 577 F.3d 1175, 1185 (10th Cir. 2009) (noting that circumstantial evidence may alone suffice). And after careful consideration of the record, the district court held that the direct and circumstantial evidence admitted at Mr. Daniel's trial was sufficient to support the jury's finding, *Daniel*, 2017 WL 6803441, at *5; *see supra*, n.2, and (more to the point) that Mr. Daniel failed to show the OCCA unreasonably applied Supreme Court precedent in rejecting his sufficiency-of-the-evidence claim on direct appeal, *Daniel*, 2017 WL 6803441, at *5. Because nothing in Mr. Daniel's application shows that jurists of reason would disagree with the district court's resolution of his claim or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further, *Buck*, 137 S. Ct. at 773, we deny a COA.

\* \* \*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Although the trial court so certified in this case, Mr. Daniel "may nonetheless move this court for leave to proceed on appeal in forma pauperis pursuant to the mechanism set forth in" Federal Rule of

5

Appellate Procedure 24(a)(5). *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007); *see, e.g.*, *Allen v. Colorado*, 697 F. App'x 604, 605 (10th Cir. 2017). As in the district court, "[i]n order to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). After careful consideration of Mr. Daniel's application, we agree with the district court that he has not shown the existence of such a reasoned, nonfrivolous argument. His motion for leave to proceed in forma pauperis is accordingly denied.

## III. CONCLUSION

For the reasons stated, we deny Mr. Daniel a COA and dismiss this appeal. His motion for leave to proceed in forma pauperis is also denied.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

6