FILED
United States Court of Appeals
Tenth Circuit

**March 6, 2008**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE E. FLORENCE,

   Plaintiff - Appellant,

  v.

DAWN M. PETERSON; RICHARD C.
GAMUAC; JUDY PAVLICH;
ANGELA R. YORK; LYNN M.
DECKER; JORGE L. SALLABERRY;
JOANNE SMILEY; PARKVIEW
MEDICAL CENTER; JANE DOE;
JOHN DOE,

   Defendants - Appellees.

No. 07-1275

(D. Colorado)

(D.C. No. 06-cv-178-REB-PAC)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

   Plaintiff George E. Florence is an inmate at the Federal Correctional

Institution in Florence, Colorado. He appeals the dismissal of his civil-rights

claims against defendants who provided him medical care. According to his

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint, on August 16, 2004, he slipped and fell on a wet floor at the prison. The fall caused him to lose feeling and movement in his legs, and he was transported to the Parkview Medical Center in Pueblo, Colorado, for treatment. Dissatisfied with the treatment that he received there, he filed suit in the United States District Court for the District of Colorado, alleging 13 claims against four doctors, four registered nurses, one John Doe (apparently a hospital recordkeeper), and the Parkview Medical Center. Ten of the claims alleged that the defendants, by being deliberately indifferent to his medical needs, had violated his Eighth Amendment right to be free from cruel and unusual punishment. Mr. Florence also alleged violations of his First, Fourth, Fifth, Ninth, and Fourteenth Amendment rights. He styled his action as arising both under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and under 42 U.S.C. § 1983.

The district court initially dismissed three of Mr. Florence's claims as frivolous. The remaining claims were later dismissed because Mr. Florence had not alleged any facts indicating that any of the defendants was acting under color of state law. Mr. Florence alleged only that each defendant, except John Doe, was medically licensed in Colorado and "thereby at all relevant times . . . acting under color of Colorado law." R. Doc. 6 at 2, 10, 11. As to John Doe, Mr. Florence alleged only that he was employed within the State of Colorado by Parkview Medical Center. The court, citing *Sumpter v. Harper*, 683 F.2d 106,

108 (4th Cir. 1982), held that an actor's being medically licensed by a state, without more, is insufficient to establish action under color of state law, as required by § 1983.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a complaint for failure to state a claim. *See Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). We accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *See id.* We will affirm the dismissal only if the complaint "lacks 'enough facts to state a claim to relief that is plausible on its face.'" *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). We affirm the district court's dismissal of all Mr. Florence's claims.

Mr. Florence has not pleaded facts that suggest that any defendant was a government actor of some sort, state or federal, as required by both *Bivens*, *see Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000), and § 1983, *see Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). The only allegations of government action that Mr. Florence has made are that one defendant was employed in Colorado and that the other defendants were medically licensed by Colorado. This is insufficient to establish the requisite nexus between the state and private conduct. We have previously held that even when a private hospital is subject to "intricate state regulation," the hospital's action is not state action.

-3-

*Ward v. St. Anthony Hosp.*, 476 F.2d 671, 675 (10th Cir. 1973). The plaintiff must show the involvement of the state "in the activity causing the alleged injury." *Id. See also Pino v. Higgs*, 75 F.3d 1461, 1466–67 (10th Cir. 1996) (upholding the grant of summary judgment to licensed doctor at private hospital on the ground that following the procedure established by statute for involuntary commitment of a patient did not constitute state action); *Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000) (submission by licensed private physician of affidavit in support of involuntary-commitment proceedings is not state action).

Aside from the merits of his complaint, Mr. Florence challenges the judgment on the ground that it was improper for the district-court clerk, rather than the judge himself, to enter the judgment. Federal Rule of Civil Procedure 58(a)(2)(A)(iii), however, required the clerk to enter the judgment because Mr. Florence had been denied all relief. The version of the rule effective on June 20, 2007, provided: "[U]nless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when . . . the court denies all relief." Mr. Florence further contends that allowing a clerk to enter the judgment violates his constitutional rights to have an Article III judge or a United States Magistrate Judge decide his case, but he has cited no authority for the proposition nor elaborated on his constitutional argument. In any event, federal district judges signed the orders dismissing

Mr. Florence's various claims, so it is clear that they, and not the clerk, adjudicated the case.

We grant Mr. Florence's application to proceed *in forma pauperis*. He is reminded that he must continue to make partial payments until the entire filing fee has been paid.

The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge
