FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 8, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VIOLA ADKINS,

     Plaintiff - Appellant,

v.

VINAYA KODURI,

     Defendant - Appellee.

No. 18-3164
(D.C. No. 5:16-CV-04134-DDC)
(D. Kansas)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Viola Adkins filed a medical malpractice action against her doctor, Vinaya

Koduri. Finding no diversity of citizenship or federal question, the district court

dismissed the action for lack of subject-matter jurisdiction. After the district court denied

Ms. Adkins's motion to reopen her case, she filed this appeal. She also seeks leave to

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

proceed in forma pauperis in this court. We deny her in forma pauperis motion and affirm the district court.

## I.    BACKGROUND

Ms. Adkins, acting pro se,[1] filed a complaint against Dr. Koduri alleging a medical malpractice claim in the United States District Court for the District of Kansas. She alleges that when she went to visit Dr. Koduri, he lied about a cyst, he refused to treat her, and she suffered damages because of his misconduct. However, the district court never considered her claim on its merits because it determined it lacked subject-matter jurisdiction. The district court found there was no diversity between the parties and the complaint did not raise a federal question. *Adkins v. Koduri*, No. 16-CV-4134-DDC-KGS, 2016 WL 5745550, at *2–*3 (D. Kan. Oct. 3, 2016). Ms. Adkins asked the district court to reconsider, but the court denied her request. Then Ms. Adkins appealed, and we affirmed the district court. *Adkins v. Koduri*, 688 F. App'x 589 (10th Cir. 2017). Next, she filed a petition for certiorari with the Supreme Court which the Court denied. *Adkins v. Koduri*, 138 S. Ct. 360 (2017), *reh'g denied*, 138 S. Ct. 540 (2017).

Still undeterred, Ms. Adkins filed a document entitled "Writ of Mandamus" with the district court that was difficult to decipher. However, the district court interpreted it liberally and concluded that Ms. Adkins was trying to reopen her case pursuant to Federal Rule of Civil Procedure 60(b). The district court denied the request, still finding no allegations that would support jurisdiction. *Adkins v. Koduri*, No. 16-4134-DDC, 2018

---

[1] Because Ms. Adkins is pro se, "we liberally construe [her] filings, but we will not act as [her] advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

WL 3438792, at *1 (D. Kan. July 17, 2018). The district court also declined to issue a writ of mandamus because it had no jurisdiction to do so. *Id.* Once again, Ms. Adkins appeals.

## II.    DISCUSSION

"We review a district court's denial of a Rule 60(b) motion for an abuse of discretion." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191 (10th Cir. 2018). "A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Id.* at 1191–92.

This is a simple case. In order to bring an action in a federal court there must be subject-matter jurisdiction, most frequently available due to diversity of parties or a federal question at issue. 28 U.S.C. §§ 1331–1332. "Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (internal quotation marks omitted). In this case, both Ms. Adkins and Dr. Koduri appear to be citizens of Kansas—and Ms. Adkins has not argued or alleged differently—meaning there is no subject-matter jurisdiction based on diversity. Consequently, if Ms. Adkins's claim does not involve a federal question, she cannot bring her claim in federal court.

Ms. Adkins asserts her medical malpractice claim involves a federal question under 42 U.S.C. § 1983. To state a valid § 1983 claim, the plaintiff must allege that: (1) she suffered a violation of her constitutional rights; and (2) this deprivation was caused by someone acting under the color of state law. But Ms. Adkins is unable to

3

prevail on her § 1983 claim because medical malpractice, without more, is not a constitutional violation but is instead a state law claim. *See Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976) (the proper forum for medical malpractice claims is state court, not federal court in a § 1983 action). Ms. Adkins's medical malpractice claim does not implicate any constitutional violation and is therefore not covered by § 1983.

Further, "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Ms. Adkins claims that because Dr. Koduri is licensed by the Kansas State Board of Healing Arts, he qualifies as a state actor. But this court has already held that a doctor is not a state actor. *Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000) ("[T]he use of a state procedure does not become state action simply because the person using the procedure is a licensed professional such as a physician. . . . Although [the defendant] is a licensed physician, he was not employed by the state, and he submitted the affidavit pursuant to a statutory scheme applicable to any citizen."); *see Wittner v. Banner Health*, 720 F.3d 770, 775 (10th Cir. 2013) (giving four tests to consider when determining whether a person is a state actor and holding that merely being a private physician does not satisfy any of the tests); *Florence v. Peterson*, 268 F. App'x 737, 738 (10th Cir. 2008) (holding that merely being medically licensed by the state does not make one a state actor). And Ms. Adkins does not give any further reasons why Dr. Koduri is acting as an agent of the state. Accordingly, Ms. Adkins's allegations do not permit the inference that Dr. Koduri is a state actor.

Ms. Adkins has failed to allege any claims over which the federal district court could have subject-matter jurisdiction.

### III. CONCLUSION

In short, Ms. Adkins has filed her complaint in the wrong court. If she is entitled to any relief, it will be through state judicial or administrative proceedings. Therefore, after reviewing the district court's Memorandum and Order and the entire record on appeal, we conclude there was no abuse of discretion and the district court's ruling denying Ms. Adkins motion for reconsideration is AFFIRMED.[2]

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[2] Ms. Adkins has also filed an in forma pauperis motion. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Although the trial court so certified in this case, Ms. Adkins "may nonetheless move this court for leave to proceed on appeal in forma pauperis pursuant to the mechanism set forth in" Federal Rule of Appellate Procedure 24(a)(5). *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007). As in the district court, "to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). After careful consideration of Ms. Adkins's application, we agree with the district court that she has not shown the existence of such a reasoned, nonfrivolous argument. Her motion for leave to proceed in forma pauperis is accordingly DENIED.