**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

H. DENISE STUART,

    Plaintiff - Appellant,

v.

ERICKSON LIVING MANAGEMENT;
WIND CREST,

    Defendants - Appellees.

No. 19-1444
(D.C. No. 1:18-CV-01083-PAB-NYM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

H. Denise Stuart appeals from the district court's order granting summary

judgment in favor of Defendants Erickson Living Management and Wind Crest on

her claim of racial discrimination under Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e-2(a)(1). Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In December 2016, Defendants hired Ms. Stuart as a Care Associate for patients suffering from dementia and Alzheimer's Disease at the Wind Crest facility in Highlands Ranch, Colorado. Her co-workers soon began complaining that she was bossy toward them, unreceptive to feedback, and rude toward residents and their family members. In March 2017, she received a written warning for failing to adhere to Defendants' values of respect, caring, teamwork, and excellence. When Ms. Stuart and a co-worker were involved in a verbal altercation two months later, Adam Dickson, Director of Continuing Care, decided to conduct a performance review "by interviewing both her co-workers and the family members of those residents for whom she cared." R. Vol. 1 at 212 (internal quotation marks omitted).

During his evaluation, Mr. Dickson received complaints from a resident's family members regarding Ms. Stuart's demeanor and care for residents, as well as complaints from co-workers that she ate food designated for residents and used inappropriate physical force on a resident. Mr. Dickson suspended Ms. Stuart while continuing to investigate. After receiving additional complaints that she refused to assist co-workers in times of need and was disrespectful to residents and co-workers, Mr. Dickson concluded Ms. Stuart's conduct violated Defendants' policies and standards of conduct and terminated her in June 2017.

Believing Defendants discriminated against her because she is Black, Ms. Stuart filed a discrimination charge with the Equal Employment Opportunity Commission, which dismissed the charge and issued a right-to-sue letter. She then

2

filed this action pro se, claiming racial discrimination and retaliation in violation of Title VII. Defendants moved to dismiss the retaliation claim, and a magistrate judge recommended granting the motion. Ms. Stuart did not file objections, and the district court accepted the recommendation.[1] Defendants then moved for summary judgment on the discrimination claim. Ms. Stuart did not file a response but, instead, filed her own summary-judgment motion. The magistrate judge recommended granting Defendants' motion and denying Ms. Stuart's motion. The district court accepted the recommendation over Ms. Stuart's objections. Ms. Stuart timely appealed.[2]

## DISCUSSION

"We review the district court's summary-judgment order de novo, applying the same standard that the district court is to apply." *Doe v. Univ. of Denver*, 952 F.3d 1182, 1189 (10th Cir. 2020) (internal quotation marks omitted). A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]e examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the nonmoving party." *Fields v. City of Tulsa*, 753 F.3d 1000, 1009 (10th Cir. 2014) (internal quotation marks omitted). A party opposing summary judgment, however, may not rely on "[u]nsubstantiated

---

[1] Although the court allowed Ms. Stuart twenty-one days to amend her complaint and properly plead the retaliation claim, she did not amend her complaint or otherwise attempt to resurrect this claim.

[2] We confine our review to the discrimination claim, as Ms. Stuart designated only the summary-judgment order in her notice of appeal.

3

allegations" or "mere speculation, conjecture, or surmise." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (internal quotation marks omitted).

Ms. Stuart is pro se, and therefore, "we liberally construe [her] filings." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). But "we will not act as [her] advocate." *Id.* "Our rules of appeal require appellants to sufficiently raise all issues and arguments on which they desire appellate review in their opening brief." *Clark v. Colbert*, 895 F.3d 1258, 1265 (10th Cir. 2018) (brackets and internal quotation marks omitted). "[P]ro se parties [must] follow the same rules of procedure," including filing a brief containing "more than a generalized assertion of error, with citations to supporting authority." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (internal quotation marks omitted). "When a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research." *Id.* at 841 (brackets and internal quotation marks omitted).

In her opening brief, Ms. Stuart makes the conclusory assertions, unsupported by citation to the record or legal authority, that she "was falsely accused of elder abuse," assaulted by a co-worker, subjected to disparate treatment and harassment, "compelled to work in a[] hostile environment," and wrongfully terminated. Aplt. Opening Br. at 2. She further states, without explanation, that the district court "failed to notice important facts" and that the "judgement was unfair, unethical, and unconcern (sic)." *Id.* at 4. She also references three exhibits attached to her brief, which consist of two emails she sent to her supervisors regarding incidents with

4

co-workers as well a witness statement regarding the verbal altercation that prompted the investigation into her conduct and job performance. We "will not consider such issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) (internal quotation marks omitted).

In her reply brief, which largely mirrors her summary judgment motion, Ms. Stuart contends that the proffered reason for her termination—poor performance—was false, that Defendants failed to properly investigate the accusations against her, and that five non-Black employees were not disciplined for violating Defendants' policies. By failing to make these arguments in her opening brief and raising them only in her reply brief, Ms. Stuart has waived these arguments. *See Anderson v. U.S. Dep't of Labor*, 422 F.3d 1155, 1174 (10th Cir. 2005).

In any event, the district court thoroughly addressed these claims as part of its analysis under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). *See generally Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1195 (10th Cir. 2011) (noting that "the plaintiff must first establish a prima facie case of discrimination," that the burden shifts to the employer to show a "a legitimate, non-discriminatory" reason for the adverse action, and that the burden shifts back to "the plaintiff [to] show that the defendant's proffered rationale is pretextual"). After assuming Ms. Stuart established a prima facie case of discrimination, the court concluded she failed to show Defendants' legitimate, non-discriminatory reason for her termination—a pattern of poor performance, as shown

5

by complaints from both co-workers and relatives of Wind Crest's residents—was in any way pretextual.  The court specifically found she offered no competent evidence to rebut the evidence of poor performance or to support her allegation of an inadequate investigation.  Moreover, the court found that the conduct of five non-Black employees she referenced was not sufficiently similar in severity or frequency to show disparate treatment.  Finally, the court found "Defendants <u>did</u> discipline and/or terminate employees of varied race (e.g., Caucasian or Hispanic) for conduct <u>like</u> Ms. Stuart's."  R. Vol. 1 at 222.

Ms. Stuart has not contested the district court's findings or analysis, and "we will not question the reasoning of a district court unless an appellant actually argues against it," *Clark*, 895 F.3d at 1265 (brackets and internal quotation marks omitted).  Accordingly, she has failed to show the court erred in granting Defendants' motion for summary judgment and denying her cross-motion for summary judgment.

## CONCLUSION

The district court's judgment is affirmed.  We deny Ms. Stuart's motion for leave to proceed in forma pauperis due to the lack "of a reasoned, nonfrivolous argument on the law and facts."  *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).

Entered for the Court

Mary Beck Briscoe
Circuit Judge

6