**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JOANNA BLAUCH,

    Plaintiff - Appellant,

v.

CITY OF WESTMINSTER, COLORADO,
a home rule municipality; DONALD
TRIPP, in his official and individual
capacity; HERBERT ATCHISON, in his
official and individual capacity; ANITA
SEITZ, in her official and individual
capacity; DAVID DEMOTT, in his official
and individual capacity; KATHRYN
SKULLEY, in her official and individual
capacity; BRUCE BAKER, in his official
and individual capacity; ALBERT
GARCIA, in his official and individual
capacity; EMMA PINTER, in her official
and individual capacity; MARIA DE
CAMBRA, in her official and individual
capacity; SHANNON BIRD, in her official
and individual capacity; MARK
BROSTROM, in his official and individual
capacity; TIFFANY SORICE, in her
individual and official capacity,

    Defendants - Appellees.

No. 20-1430
(D.C. No. 1:20-CV-00431-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral

_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.

_____

Joanna Blauch appeals an order dismissing her pro se 42 U.S.C. § 1983 claims as frivolous or barred by absolute-immunity defenses. For the reasons below, we affirm.

Blauch's claims stem from her 2013 arrest for a domestic-violence incident. The arrest led to Blauch's criminal convictions for unspecified offenses following a jury trial prosecuted by Mark Brostrom, a prosecutor for the City of Westminster, Colorado. Blauch sought postconviction relief in municipal-court proceedings overseen by Judge Tiffany Sorice, though the result of those proceedings is unclear from the record. Later, Blauch filed this pro se complaint in federal court alleging constitutional violations under § 1983 and state-law claims against the City, Sorice, Brostrom, and ten other City officials. To remedy these violations, Blauch sought damages and unspecified declaratory and injunctive relief.

The district court granted Blauch's request to proceed in forma pauperis but dismissed her claims under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii), determining that they were frivolous or subject to absolute-immunity defenses.[1] It also denied

_____

estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] The district court also concluded that the applicable two-year statute of limitations barred some of Blauch's claims. We need not address this conclusion, however, because (as explained below) the district court properly dismissed all claims on other grounds.

Blauch's request to proceed in forma pauperis on appeal, certifying that any appeal from the dismissal would not be taken in good faith. *See* § 1915(a)(3). Blauch appeals.

On appeal, Blauch challenges several aspects of the district court's order dismissing her claims under § 1915(e)(2)(B). That statute requires federal courts to dismiss in forma pauperis claims if they are frivolous, if they fail to state a claim on which relief may be granted, or if they seek damages from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii). A claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is not frivolous, however, simply because it does not state a claim on which relief may be granted. *See id.* at 329–30. Although "[w]e generally review a district court's dismissal for frivolousness under § 1915 for abuse of discretion," our review is de novo if "the frivolousness determination turns on an issue of law." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). De novo review likewise applies to dismissals on absolute-immunity grounds. *See Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994). Because Blauch proceeds pro se, we liberally construe her arguments when applying these standards. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But in doing so, we do not act as her advocate. *Id.*

Under these standards, Blauch raises no issue requiring reversal. Blauch largely repeats points she made below, ignoring the district court's dispositive reasons for dismissing her claims. Specifically, none of Blauch's arguments show that the district court improperly dismissed her complaint under § 1915(e)(2)(B).

At the outset, the district court properly dismissed the claims against Sorice and Brostrom. Both those defendants are entitled to absolute immunity because Blauch's claims arise from acts they performed in their judicial or prosecutorial capacities, respectively. *See Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (judicial immunity); *id.* at 1267 (prosecutorial immunity). Certain exceptions could overcome these immunity defenses, but Blauch does not allege them here.

Blauch's § 1983 claims against the other individual defendants also fall short. As the district court observed, Blauch alleges no specific facts showing how these officials, a city manager and several city-council members, personally participated in the alleged constitutional violations at her trial and postconviction proceedings. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). We disagree, however, with the district court's view that this conclusion supports dismissal for frivolousness. Even though these claims ultimately fail because Blauch alleges no facts on a material element required to obtain relief, they at least invoke a recognized legal theory and avoid making baseless factual allegations. *See Williams*, 490 U.S. at 327. Accordingly, the district court should have dismissed the claims against the remaining individual defendants under § 1915(e)(2)(B)(ii) for failure to state a claim—not under § 1915(e)(2)(B)(i) for frivolousness—and we affirm on that alternative basis. *See Johnson v. Raemisch*, 763 F. App'x 731, 734–35 (10th Cir. 2019) (unpublished).

That leaves Blauch's claims against the City. To succeed on those claims, Blauch had to show that the City created some policy or custom that directly caused

4

her alleged injuries. *Mocek v. City of Albuquerque*, 813 F.3d 912, 933 (10th Cir. 2015). As in the district court, Blauch argues that the City adopted a policy "of 'lawsuit avoidance' to 'stay ahead of the ACLU' by falsifying and ignoring material evidence in multiple reported cases." Aplt. Br. 13 (quoting R. 241). But her argument faces the same problem on appeal that it faced below: she fails to support the existence of such a policy with "particular facts" and relies exclusively on "conclusory allegations." R. 373. And contrary to Blauch's view, this failure did not occur because the magistrate judge excluded "[b]ackground evidence" documenting examples of other people that the City has mistreated, Aplt. Br. 7; the district court rightly noted that the examples Blauch points to "do not involve the same type of conduct allegedly perpetrated against [her]," R. 374. Because Blauch did not allege a municipal policy that could have caused her injuries, the district court did not err in dismissing the claims against the City. *See Mocek*, 813 F.3d at 934 ("Aside from conclusory statements, no allegations in the complaint give rise to an inference that the municipality itself established a deliberate policy or custom that caused [plaintiff's] injuries."). But as with the previous set of claims, we note that the appropriate basis for dismissal was failure to state a claim rather than frivolousness. *See Johnson*, 763 F. App'x at 734–35.

None of Blauch's remaining arguments affect the district court's dispositive reasons for dismissing her complaint. Blauch contends that the district court ignored her objections to factual inaccuracies in the magistrate judge's recommendations and distorted facts in its dismissal order. But she does not say what facts the magistrate

5

judge inaccurately described or the district court distorted. And we are not persuaded by Blauch's argument that the district court's legal conclusions "were demonstrably based on almost entirely distorted facts." Aplt. Br. 36. As discussed above, our de novo review of the complaint persuades us that it was subject to dismissal under § 1915(e)(2)(B) for substantially the same reasons stated by the district court.

In sum, we affirm the dismissal of Blauch's § 1983 claims under § 1915(e)(2)(B). And because Blauch asserted no other federal claims, we also affirm the district court's decision not to exercise supplemental jurisdiction over Blauch's state-law claims. *See Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). As a final matter, we deny Blauch's motion to proceed in forma pauperis on appeal because although the complaint may have raised nonfrivolous claims, Blauch has "failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised *on appeal*." *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007) (emphasis added).

Entered for the Court

Nancy L. Moritz
Circuit Judge

6