**Ronnie R. ROLLAND, Plaintiff–Appellant,**

v.

**PRIMESOURCE STAFFING, L.L.C.; Renee Raabe, Defendants–Appellees.**

No. 06–1491.

United States Court of Appeals, Tenth Circuit.

Aug. 7, 2007.

Ronnie R. Rolland, Aurora, CO, pro se.

Kathleen Mowry Fairbanks, Treece, Alfrey, Musat & Bosworth, Carey Gagnon, Brownstein, Hyatt & Faber, P.C., Denver, CO, for Defendants–Appellees.

Before BRISCOE, EBEL and McCONNELL, Circuit Judges.

### ORDER

EBEL, Circuit Judge.

Plaintiff–Appellant Ronnie Rolland seeks leave from this court to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915 and Fed. R.App. P. 24. He wishes to appeal the district court's grant of summary judgment in favor of the Defendants–Appellees (collectively, "Primesource") on his claim that Primesource discriminatorily terminated his employment based upon his race, in violation of Title VII and 42 U.S.C. § 1981.

■ Before considering Rolland's Rule 24 motion, we first address our authority to entertain it in light of apparently contrary statutory language in 28 U.S.C. § 1915. Under that provision, "[a]n ap-peal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The district court made the triggering certification in its order denying Rolland's motion below for leave to proceed in forma pauperis on appeal. Rolland does not appeal the district court's denial of his motion below; he rather has filed a new motion in this court seeking in forma pauperis status.

■ Upon its face, § 1915(a)(3) would appear to foreclose our consideration of Rolland's instant motion; its mandatory language denies the availability of an appeal in forma pauperis upon the district court's certification of a lack of good faith, and it provides no escape hatch of appellate review or reconsideration. Federal Rule of Appellate Procedure 24(a)(5), on the other hand, purports to expressly permit our consideration of a motion such as Rolland's.[1] The palpable conflict between these provisions is resolved in favor of the procedures dictated by Rule 24(a)(5), by virtue of the fact that its most recent reenactment postdates that of § 1915(a)(3). The Sixth Circuit confronted this same question and

> concluded that pursuant to the Rules Enabling Act, which provides that "[a]ll laws in conflict with [the federal] rules [of procedure] shall be of no further force or effect after such rules have taken effect," 28 U.S.C. § 2072(b), the amended Rule 24 trumped the conflicting provision in § 1915(a)(3).... [The Sixth Circuit thus] held that the party could file, within thirty days of service of the district court's order denying IFP status on appeal, a motion with this motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4)."

---

1. Rule 24(a)(4) requires a district clerk to "immediately notify the parties and the court of appeals when the district court ... certifies that the appeal is not taken in good faith." Under Rule 24(a)(5), "[a] party may file a

court for leave to proceed IFP on appeal in accordance with the procedures set forth in Federal Rule of Appellate Procedure 24(a)(5).

*Owens v. Keeling,* 461 F.3d 763, 775 (6th Cir.2006) (citations omitted). We conclude, as did the Sixth Circuit, that the amendment of Rule 24 in 1998 has trumped, at least for now, the effect of the conflicting statutory provision in § 1915(a)(3).[2] *See id.; Callihan v. Schneider,* 178 F.3d 800, 803–04 (6th Cir. 1999); *see also Wooten v. D.C. Metro. Police Dep't,* 129 F.3d 206, 207 (D.C.Cir.1997) ("[S]ince the district court certified that Wooten's appeal was not taken in good faith, Wooten must pay the full filing fee . . ., unless the certification is set aside. The 'unless' qualification is necessary in light of Fed. R.App. P. 24(a) . . . ."). *But see Baugh v. Taylor,* 117 F.3d 197, 201–02 (5th Cir.1997) (finding no conflict between § 1915(a)(3) and Rule 24(a), thus permitting consideration of Rule 24(a)(5) motions following district court's certification of lack of good faith). Accordingly, a party who seeks in forma pauperis status and is certified by the district court as not appealing in good faith may nonetheless move this court for leave to proceed on appeal in forma pauperis pursuant to the mechanism set forth in Rule 24(a)(5).

 Turning to Rolland's motion, for substantially the reasons stated by the district court, we find that this appeal is not taken in good faith and that Rolland has failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. *See* 28 U.S.C. § 1915(a)(3), (e)(2). Accordingly, Rolland's motion for leave to proceed in forma pauperis is DENIED. Should Rolland wish to pursue his appeal nonetheless, he must pay the regular filing fee within 21 days of the entry of this order; if he fails to do so, the Clerk of Court is directed to dismiss his appeal for failure to prosecute. *See* 10th Cir. R. 42.1.

---

2. The predecessor to § 1915(a)(3) was first enacted half a century ago. Law of June 25, 1948, ch. 646, tit. 28, § 1915(a), 62 Stat. 954 (1948). Fed. R.App. P. 24 was first adopted in 1967. *See* 43 F.R.D. 61 (1967). Both provisions have been repeatedly amended and reenacted. We need not speculate here on the interstitial effects of these events, *see, e.g., Floyd v. U.S. Postal Serv.,* 105 F.3d 274, 277–78 (6th Cir.1997) (holding § 1915(a)(3) precluded consideration of a Rule 24(a)(5) mo-

tion in light of § 1915's reenactment in the Prison Litigation Reform Act of 1995), *abandoned by Callihan,* 178 F.3d at 803, because we are concerned at present only with our authority to consider the instant motion. We note, however, the potential for unintended future consequences stemming from further modification of one of these two provisions untethered from consideration of the impact upon the other.