FILED
United States Court of Appeals
Tenth Circuit

September 19, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CYNTHIA PINKEY,

     Plaintiff-Appellant,

v.

ADAMS COUNTY SHERIFF DEPT.;
TOM CLEMENTS, Executive Director of
CDOC; WARDEN ZUPAN, Warden of
LaVista; KELLY WASKO, Medical
Director of LaVista,

     Defendants-Appellees.

No. 12-1299
(D.C. No. 1:12-CV-01533-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff-appellant Cynthia Pinkey is a prisoner in the State of Colorado proceeding pro se. In her complaint, Pinkey alleged that while she was held at a correctional facility in Adams County, Colorado, she was sexually assaulted by a male inmate. Pinkey brought this civil rights action against the employees at the correctional facility, alleging that the sheriff, deputies and other staff members on duty had failed to protect her. After Pinkey's complaint was filed, the magistrate judge entered an order pursuant to 28 U.S.C. § 1915 directing Pinkey to cure deficiencies. Specifically, Pinkey was ordered to either pay $350 in filing fees, or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with a certified copy of her inmate trust fund account statement. Pinkey then submitted a current certified copy of her inmate trust fund account statement, but she failed to cure all deficiencies because she failed to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The district court dismissed the case without prejudice. The district court also certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from its order would not be taken in good faith and therefore in forma pauperis (*ifp*) status would be denied for the purpose of appeal. Pinkey appealed from the district's order and filed a motion in this court for leave to proceed *ifp* on appeal.

28 U.S.C. § 1915 authorizes "any court of the United States to allow indigent persons to prosecute, defend or appeal suits without prepayment of costs." Coppedge v. United States, 369 U.S. 438, 441 (1962) (quotations omitted). Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in

2

writing that it is not taken in good faith." The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue "not frivolous." Id. at 445. "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987). We have held that "a party who seeks in forma pauperis status and is certified by the district court as not appealing in good faith may nonetheless move this court for leave to proceed on appeal in forma pauperis pursuant to the mechanism set forth in Rule 24(a)(5)." Rolland v. Primesource Staffing, L.L.C., 497 F.3d 1077, 1079 (10th Cir. 2007).

Turning to Pinkey's motion and appeal, we conclude that this appeal is not taken in good faith and she has failed to present nonfrivolous arguments in support of her appeal. Accordingly, we DENY Pinkey leave to proceed on appeal *ifp*, and DISMISS the appeal. Pinkey is reminded that she remains obligated to make partial payments to this court until the entire appellate filing fee is paid in accordance with 28 U.S.C. § 1915(b).

Entered for the Court

Mary Beck Briscoe
Chief Judge

3