**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 22, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| TEDDY SPEARMAN, | |
| Plaintiff - Appellant, | No. 12-1329 |
| v. | (D. Colorado) |
| S. COLLINS, Health Service Administrator; B. CINK, P.A., Medical Staff; and DR. ALLRED, Clinical Director, | (D.C. No. 1:12-CV-01088-LTB) |
| Defendants - Appellees. | |

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

_____

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Plaintiff and appellant, Teddy Spearman, a federal prisoner proceeding *pro se*,[1] appeals the dismissal of his action based on <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). He claimed that S. Collins, B. Cink, and Dr. Allred, all members of the medical staff at the United States Penitentiary in Florence, Colorado, where Mr. Spearman is in custody, had violated his constitutional rights by denying him medical care in a variety of ways. We affirm.

On April 24, 2012, Mr. Spearman filed a motion titled "Plaintiff['s] Motion for Preliminary Injunction and Order to Show Cause." The district court, in one of its orders regarding Mr. Spearman's complaint, aptly described his motion as follows:

> The Court has done its best to comprehend and summarize the April 24 motion. In the motion, Mr. Spearman makes vague and conclusory allegations that Defendants have denied him treatment for his serious medical needs and out-of-cell exercise for more than eleven months. He complains that his physical disability status, which apparently entitled him to a handicap cell with a railing, has been prematurely revoked and his therapeutic walking cane confiscated, forcing him to hop around his cell on one leg, holding on to the bed, table, or sink. He alleges that he suffers from sleeplessness; depression; headaches; post-surgical pain and edema in his right leg; genital bleeding; muscle weakness; and joint pain, swelling, and stiffness. As relief he seeks reinstatement of the physical disability status, his walking cane, and out-of-cell

---

[1]Because Mr. Spearman is proceeding *pro se*, we construe his pleadings liberally. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>see also</u> <u>United States v. Pinson</u>, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

recreation. He contends he manages pain with medication from the prison commissary.

Order at 1-2.

On May 18, 2012, Magistrate Judge Boyd N. Boland entered an order granting Mr. Spearman leave to proceed pursuant to 28 U.S.C. § 1915, and directing him to either pay a $4.00 initial partial filing fee within thirty days or show cause why he has no assets and no means by which to pay the designated initial partial filing fee. The May 18 order further informed Mr. Spearman that, in order to show cause, he must file a certified copy of his trust fund account statement. On June 20, 2012, Magistrate Judge Boland entered a minute order granting to Mr. Spearman a thirty-day extension of time in which to comply with the directives of the May 18 order.

Subsequently, on July 23, 2012, after the deadline for paying the initial partial filing fee had passed, Mr. Spearman filed a notice of change of address, informing the district court that he was being transferred to an unknown institution. He did not request an extension of time in which to comply with the May 18 order, nor did he mention his obligation to pay the $4.00 initial partial filing fee. Accordingly, in an order of dismissal dated July 26, 2012, the district court dismissed the action.

The district court also certified that "pursuant to 28 U.S.C. § 1915(a)(3) . . . any appeal from this order would not be taken in good faith and therefore *in*

*forma pauperis* status will be denied for the purpose of appeal." Order of Dismissal at 2 (citing Coppedge v. United States, 369 U.S. 438 (1962)). The court then directed Mr. Spearman, if he wished to appeal, to either pay the full $455.00 appellate filing fee or file a motion in our court to proceed *in forma pauperis* ("*ifp*"). Mr. Spearman has appealed from the district court's order and filed a motion in this court for leave to proceed *ifp* on appeal.

28 U.S.C. § 1915 authorizes "any court of the United States to allow indigent persons to prosecute, defend or appeal suits without prepayment of costs." Coppedge, 369 U.S. at 441 (quotations omitted). Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue "not frivolous." Id. at 445. "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987). We have held that "a party who seeks in forma pauperis status and is certified by the district court as not appealing in good faith may nonetheless move this court for leave to proceed on appeal in forma pauperis pursuant to the mechanism set forth in Rule 24(a)(5)." Rolland v. Primesource Staffing, L.L.C., 497 F.3d 1077, 1079 (10th Cir. 2007).

Turning to Mr. Spearman's motion and appeal, we conclude that this appeal is not taken in good faith and he has failed to present nonfrivolous arguments in

support of his appeal.  He makes only conclusory, vague and unsubstantiated claims that his medical needs were ignored and/or inadequately treated. Accordingly, we deny Mr. Spearman leave to proceed on appeal *ifp*, and dismiss the appeal.  Mr. Spearman is reminded that he remains obligated to make partial payments to this court until the entire appellate filing fee is paid in accordance with 28 U.S.C. § 1915(b).

For the foregoing reasons, we DENY leave to appeal *ifp* and DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge