FILED
United States Court of Appeals
Tenth Circuit

January 26, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BERNARD KENNETH RIVERS, JR.-EL; TRACI DAWN HAMILTON-RIVERS,

Plaintiffs - Appellants,

v.

STATE OF COLORADO; CITY OF GREELEY,

Defendants - Appellees.

No. 14-1310
(D.C. No. 1:14-CV-01899-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **MORITZ**, Circuit Judges.

Appellants Bernard Kenneth Rivers, Jr.-El and Traci Dawn Hamilton-Rivers

initiated this pro se action against the State of Colorado and the City of Greeley,

Colorado, citing 42 U.S.C. § 1983 and other federal statutes. Because appellants

sought to reverse state-court proceedings, the district court dismissed the case for

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

lack of jurisdiction under the *Rooker-Feldman* doctrine, which precludes lower federal courts from reviewing state-court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Alternatively, the court ruled that if no final judgment had been entered in the state-court proceedings, it must abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971), which precludes federal courts from intervening in ongoing state-court proceedings. Finally, after observing other impediments to appellants' "unnecessarily verbose, rambling, repetitive, vague, and conclusory" complaint, R., Vol. 1 at 102, the district court certified that any appeal would not be taken in good faith, and it denied leave to proceed on appeal *in forma pauperis* (IFP), *see* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

We review de novo the district court's dismissal based on its various conclusions of law. *See generally Dill v. City of Edmond*, 155 F.3d 1193, 1209 (10th Cir. 1998). Although appellants' pro se materials are entitled to a liberal construction, we will not act as their advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

On appeal, appellants raise largely incomprehensible arguments that provide no basis for reversing the district court's decision. They also ask us, in at least five separate motions, to take judicial notice of events that have transpired in state-court proceedings. Having reviewed their materials and the relevant legal authorities, we agree this case was subject to dismissal for substantially the same reasons stated by

the district court in its decision dated July 11, 2014.  The judgment of the district court is therefore affirmed, and appellants' motions for judicial notice are denied. Because this appeal fails to present any reasoned, non-frivolous argument, we deny IFP and direct appellants to remit the full filing and docketing fees to the clerk of the district court forthwith.  *See Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge