FILED
United States Court of Appeals
Tenth Circuit

April 30, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

KENT VU PHAN,

  Plaintiff - Appellant,

v.

R. BROOKE JACKSON, Judge,

  Defendant - Appellee.

No. 18-1494
(D.C. No. 1:18-CV-03029-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.[**]

_____

On April 21, 2012, Plaintiff Kent Vu Phan sustained injuries in an automobile accident. He has filed multiple suits in state and federal court regarding this accident. One of these suits—Civil Action 1:16-cv-2728-RBJ-CBS, filed in the United States District Court for the District of Colorado—involved Plaintiff suing State Farm Insurance Company for alleged violations of the Americans with Disabilities Act and insurance bad

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the appellant's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

faith. United States District Judge R. Brooke Jackson dismissed that civil action without prejudice for failure to prosecute because Plaintiff did not serve State Farm. Plaintiff did not appeal that order to this Court.

On November 27, 2018, Plaintiff, appearing *pro se*,[1] filed this civil action, alleging that Judge Jackson improperly dismissed Civil Action 1:16-cv-2728-RBJ-CBS. Plaintiff contends that Judge Jackson's dismissal of his complaint violated his rights under the Americans with Disability Act and his right to a jury trial. He also makes a conclusory allegation that his race was a factor in Judge Jackson's decision. He also argues—without support—that throughout each of his federal cases, 1:16-cv-2728, 1:16-cv-3111, 1:17-cv-1067, 1:17-cv-196, 1:17-cv-2353, 1:17-cv-3073, 1:17-cv-2830, and 1:18-cv-1403, the district court judge dismissed his complaint without due process and in violation of equal protection.

In dismissing Plaintiff's complaint, the district court explained that Plaintiff made no allegations that Judge Jackson somehow acted outside of his jurisdiction or the judicial process.[2] We agree.

We have long recognized the defense of absolute immunity from civil suits involving the judicial process. Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir. 1990). "A judge acting in his judicial capacity is absolutely immune from such suits, unless the

---

[1] Because Plaintiff is proceeding *pro se*, we review his pleadings and filings liberally. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

[2] Plaintiff applied for a Certificate of Appealability. We note Plaintiff does not need a Certificate of Appealability to maintain this appeal and thus deny his request.

judge acts clearly without any colorable claim of jurisdiction." Id. Plaintiff has not made any allegations that Judge Jackson acted outside of the district court's jurisdiction. Nor does Plaintiff present any evidence to support his claims against Judge Jackson.[3]

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge

---

[3] For substantially the reasons stated by the district court, we conclude this appeal is not taken in good faith and that Plaintiff has failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. Therefore, we deny Plaintiff's motion seeking leave to proceed *in forma pauperis* on appeal. Rolland v. Primesource Staffing, L.L.C., 497 F.3d 1077, 1079 (10th Cir. 2007) (citing 28 U.S.C. § 1915(a)(3), (e)(2)).