**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**July 5, 2022**

_____

**Christopher M. Wolpert**
**Clerk of Court**

CEDRIC GREENE,

    Plaintiff - Appellant

v.

CHARTER SPECTRUM, INC.,

    Defendant - Appellee,

No. 21-1447
(D.C. No. 1:21-CV-01613-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

This appeal arises from the district court's filing restrictions on Mr. Cedric Greene. Mr. Greene sued, and the court dismissed the suit for failure to comply with filing restrictions. He moved to reinstate the suit, but the court denied that motion. Mr. Greene then moved for

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and Mr. Greene's briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

reconsideration, and the district court struck that motion. Mr. Greene appeals the order striking his motion for reconsideration.

## 1.   The district court imposed filing restrictions on Mr. Greene.

The district court imposed filing restrictions on Mr. Greene. *See Greene v. Office of the Comptroller of the Currency*, No. 19-cv-00821-LTB, (D. Colo. June 13, 2019), ECF No. 10.[1] Under these restrictions, Mr. Green must

(1)   file a motion requesting leave to file pro se, including

   (a)   a list of all pending cases in the District of Colorado and the current status of each one,

   (b)   a statement of the legal issues he plans to raise in the new proceeding, addressing whether he has raised them before in any federal court,

   (c)   a notarized affidavit certifying that his arguments are not frivolous and that he will follow court rules, and

(2)   submit the new proposed pleading.

*Id.* at 7 (*Order Dismissing Action and Imposing Filing Restrictions*).

## 2.   The district court dismissed Mr. Greene's action.

The district court dismissed Mr. Greene's action without prejudice for failure to comply with some of these requirements. Mr. Greene appealed this dismissal, and we affirmed. *See Greene v. Denver Cnty.*

---

[1]    Our court has also imposed filing restrictions on Mr. Greene. Since then, Mr. Greene has filed at least 28 appeals. *Greene v. First to Serve Inc.*, Nos. 21-1246, -1278, 2022 WL 386233, at **2–3 (10th Cir. Feb. 9, 2022) (unpublished).

*Court*, Nos. 21-1051, -1010, -1245, 2021 WL 4272901 (10th Cir. Sept. 21, 2021).

Mr. Greene moved to reinstate the suit, but did not argue that he had complied with the district court's filing restrictions. Instead, he referred to this Court's ruling affirming the dismissal. There we observed:

> On September 20, 2018, we entered an order and judgment enjoining Mr. Greene "from filing an appeal in this court that raises the same or similar issues arising out of the same or similar set of facts and circumstances as asserted in Tenth Circuit Appeal Nos. 18-3027; 18-3040; 18-3047; 18-3048; 18-3049; 17-4150; 17-4145; 16-4133; 16-4132; 16-4148, or that argues or asserts a federal district court or this court should waive subject-matter jurisdiction."

*Id.* at *1 (10th Cir. Sept. 21, 2021) (quoting *Greene v. Sprint Nextel Corp.*, 750 F. App'x. 661, 666–67 (10th. Cir. 2018) (unpublished)). We added that "[n]one of the present appeals appear to fall within the scope of this court's filing restrictions." *Id.*

Because our filing restrictions do not apply to Mr. Greene's appeal, he argued that the district court should not have applied its own filing restrictions. The district court then rejected this argument.

3.    **We affirm the district court's order striking Mr. Greene's motion for reconsideration.**

In this appeal, Mr. Greene doesn't

- challenge the district court's conclusion that its own filing restrictions remain valid or

- contend that he complied with the district court's restrictions.

3

Instead, he asks this Court to "make some adjustments to the District of Colorado's restriction order." Appellant's Opening Br. at 6.

In other appeals involving Mr. Greene, we've pointed out that he "was required to challenge [the restrictions] in his appeal of the order that imposed them." *Greene v. First to Serve Inc.*, Nos. 21-1249, -1278, 2022 WL 386233, at *2 (10th Cir. Feb. 9, 2022) (unpublished). And we've elsewhere upheld these filing restrictions. *E.g.*, *Greene v. Denver Cty. Court*, Nos. 21-1051, -1070 & -1245, 2021 WL 4272901, at *2 (10th Cir. Sept. 21, 2021) (unpublished).

Given our prior opinions upholding the filing restrictions challenged by Mr. Greene, we conclude that the district court did not err in ordering dismissal. We thus affirm the district court's ruling striking his motion to reconsider the denial of his motion for reinstatement.

**4.    Mr. Greene cannot proceed *in forma pauperis*.**

Though the filing fee is $505, Mr. Greene seeks leave to proceed in forma pauperis. Because he can't afford the filing fee, we can grant Mr. Greene *in forma pauperis* status only upon the assertion of a nonfrivolous argument. *See* 28 U.S.C. § 1915(a)(3); *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007). But he hasn't presented a nonfrivolous argument for reversal. So we deny leave to proceed in forma pauperis.

* * *

4

We affirm the order striking Mr. Greene's motion to reconsider. We deny his motion for leave to proceed in forma pauperis.

Entered for the Court


Robert E. Bacharach
Circuit Judge