**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 7, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

$96,935.00 IN UNITED STATES
CURRENCY, more or less,

    Defendant.

------------------------------

JONATHAN QUERISMA,

    Movant - Appellant.

No. 22-3074
(D.C. No. 6:17-CV-01230-EFM-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **KELLY**, and **ROSSMAN**, Circuit Judges.[**]
_____

Movant-Appellant Jonathan Querisma, proceeding pro se, appeals from the

district court's order denying his motion for reconsideration in a civil forfeiture

proceeding. In the forfeiture proceeding, the court entered default judgment and a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

final order of forfeiture of the defendant property on November 27, 2017.  R. 28.

More than four years later (January 18, 2022), Mr. Querisma filed his motion for

reconsideration claiming that he was entitled to the property.  He urged the district

court to set aside the default judgment and reopen the case.  The district court

concluded Mr. Querisma lacked statutory standing to seek relief.  See United States

v. $96,935.00 in U.S. Currency, No. 17-1230-EFM, 2022 WL 823087, at *3 (D. Kan.

Mar. 18, 2022).  Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

On appeal, Mr. Querisma argues that the government lacks any proof that the

forfeited property was proceeds of controlled substance violations.  He contends that

the stop of the vehicle in which the property was located was not supported by

evidence of a traffic violation.  According to Mr. Querisma, he was not given an

opportunity to contest the forfeiture.  Mr. Querisma does not challenge the district

court's ruling on statutory standing (and has therefore waived the issue).  See Burke

v. Regalado, 935 F.3d 960, 1014 (10th Cir. 2019).  Even if he had, such a challenge

would be unavailing based on the record.

We review the question of statutory standing de novo.  Niemi v. Lasshofer,

770 F.3d 1331, 1344 (10th Cir. 2014); see also Lexmark Int'l, Inc. v. Static Control

Components, Inc., 572 U.S. 118, 127–28, 128 n.4 (2014) (distinguishing between

statutory standing and subject-matter jurisdiction).  A claimant must establish both

constitutional Article III standing and statutory standing.  See United States v. U.S.

Currency, in the Amount of $103,387.27, 863 F.2d 555, 560 n.10 (7th Cir. 1988).  To

establish statutory standing, a claimant must comply with Rule G of the

Supplemental Rules. United States v. All Funds on Deposit with R.J. O'Brien & Assocs., 783 F.3d 607, 618 (7th Cir. 2015). Under Rule G, a person who wishes to assert an interest in the forfeited property must file a claim signed under penalty of perjury that identifies the specific property claimed, the claimant, and the claimant's interest in the property, and is served on the appropriate government attorney. Fed. R. Civ. P. Supp. R. G(5)(a)(i)(A–D). When notice is given by publication on an official government forfeiture site, the claim must be filed within 60 days after the first day of such publication. Fed. R. Civ. P. Supp. R. G(5)(a)(ii)(B).

Here, the government properly noticed Mr. Querisma through notice by publication on an official government forfeiture website pursuant to Rule G(4)(a)(iv)(C) as he was unknown to the government. R. 12. Mr. Querisma then failed to file a timely Rule G(5) claim as his claim was filed over four years after the first day of publication on the government's forfeiture website — well beyond the 60-day limit. Furthermore, Mr. Querisma presented no statement signed under penalty of perjury claiming ownership of the forfeited property. Given Mr. Querisma's failure to abide by the "procedural imperatives" of the Supplemental Rules, he has failed to establish statutory standing. United States v. $148,840.00 in U.S. Currency, 521 F.3d 1268, 1273 n.3 (10th Cir. 2008) (citing United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 150 n.9 (3d Cir. 2003)).

AFFIRMED. We DENY Mr. Querisma's motion to proceed in forma pauperis because he has "failed to show the existence of a reasoned, nonfrivolous argument on

the law and facts in support of the issues raised on appeal." Rolland v. Primesource Staffing, L.L.C., 497 F.3d 1077, 1079 (10th Cir. 2007).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge