FILED
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DANIEL DEL BRUMIT,

     Petitioner - Appellant

v.

DAVID ROGERS,

     Respondent - Appellee,

No. 24-6202
(D.C. No. 5:23-CV-00155-SLP)
(N.D. Okla.)

_____

**ORDER**

_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.

_____

This action arises out of a challenge to a criminal conviction for lewd acts with a child under 16. The defendant, Mr. Brumit, unsuccessfully appealed in state court and sought habeas relief in federal court roughly fourteen years later. The federal district court summarily dismissed the habeas action based on timeliness, and Mr. Brumit wants to appeal. To do so, he needs a certificate of appealability. 28 U.S.C § 2253(c)(1)(A). We decline to issue a certificate.[1]

---

[1]    Mr. Brumit requests leave to amend the petition. We grant this request.

To address Mr. Brumit's request, we consider whether his appellate arguments are reasonably debatable. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (holding that when the district court denies habeas relief based on timeliness, the court of appeals can issue a certificate of appealability only if the district court's ruling on timeliness is at least reasonably debatable). In our view, Mr. Brumit's appellate arguments are not reasonably debatable.

Mr. Brumit doesn't appear to deny that his habeas action was untimely. Federal law provides a one-year period of limitations for federal habeas actions. 28 U.S.C. § 2244(d)(1). And when Mr. Brumit's direct appeal ended, he waited roughly fourteen years to seek habeas relief. Rather than defend this delay, Mr. Brumit addresses the district court's sua sponte consideration of timeliness, the existence of jurisdiction in state court, the right to relief under a treaty, and the failure to defer to a finding in state court.

These challenges include the district court's decision to address timeliness sua sponte (on the court's own motion). Mr. Brumit's challenge is understandable, but federal law requires the district court to screen the habeas petition.

This screening process is outlined in the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides a mechanism for the district court to screen the petition before the petition is

submitted to the state. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. If the claim appears meritless, the district court must dismiss the petition without any involvement by the state. *Id.* If the petition isn't dismissed at this stage, the court must order the state to respond. *Id.*

The district court followed this process by screening the petition for timeliness. In screening for timeliness, the court didn't err. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("In sum, we hold that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). Because the petition was untimely, the court dismissed the action rather than order the state attorney general to respond.

Mr. Brumit argues that the state attorney general

- committed a default and

- waived its defenses.

But the court never ordered a response. As a result, the state attorney general neither defaulted nor waived a defense of timeliness.

Mr. Brumit also argues that (1) the state court lacked jurisdiction and (2) he was entitled to declaratory relief under a treaty. But even if Mr. Brumit were right on both arguments, he couldn't prevail because he waited too long to file the habeas petition.

3

Finally, Mr. Brumit contends that the federal district court should have deferred to a state court's finding that he was "similarly situated" to the claimant in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). But the state courts didn't compare Mr. Brumit to the *McGirt* claimant. So Mr. Brumit can't base habeas relief on a state court's alleged finding of similarity to the *McGirt* claimant.

Because Mr. Brumit's appellate arguments aren't reasonably debatable, we deny his request for a certificate of appealability. And in the absence of a certificate of appealability, we dismiss the matter.[2]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[2]    Mr. Brumit also requests leave to proceed in forma pauperis. But in the absence of a reasonably debatable argument, we deny leave to proceed in forma pauperis. *See Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).