**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**May 14, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

---

CAINE M. GONZALES,

    Petitioner - Appellant,

v.

WARDEN BERGMAN; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 25-1049
(D.C. No. 1:24-CV-02379-LTB-RTG)
(D. Colo.)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

---

Caine Gonzales, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his 28 U.S.C.

§ 2254 habeas corpus petition as untimely.[1] He also requests to proceed in

forma pauperis (IFP) on appeal. Exercising our jurisdiction under 28 U.S.C.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Gonzales proceeds pro se, we liberally construe his filings, but
we do not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975
(10th Cir. 2019).

§ 1291, we deny his motion to proceed IFP and we deny his application for a COA.

## BACKGROUND

A state jury convicted Gonzales of second-degree kidnapping against a victim of sexual assault and three counts of sexual assault. He appealed, and the Colorado Court of Appeals (CCA) affirmed the convictions. The Colorado Supreme Court declined certiorari. Gonzales did not petition the United States Supreme Court for certiorari, so his direct appeal ended there. About eight years later, Gonzales unsuccessfully sought post-conviction relief in state court. The CCA affirmed, and the Colorado Supreme Court declined certiorari.

On August 28, 2024, Gonzales then filed his § 2254 habeas petition in the United States District Court for the District of Colorado. A magistrate judge recommended that the district court deny the petition as untimely. In doing so, the magistrate judge noted that "[n]othing in [] Gonzales's habeas application or reply suggests a factual basis for equitable tolling." R. vol. I, at 165 n.1. Gonzales objected to the recommendation, justifying his petition's untimeliness on the ground that he struggled to obtain transcripts. The district court overruled the objection and adopted the magistrate judge's recommendation. The district court then dismissed the petition as untimely, declined to issue a COA, denied Gonzales's motion to proceed IFP on appeal, and certified under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Gonzales timely appealed, seeking a COA and to proceed IFP.

2

**DISCUSSION**

As a habeas petitioner in state custody, Gonzales must obtain a COA to appeal the dismissal of his § 2254 petition. *See* § 2253(c)(1)(A). To obtain a COA, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). But because the district court dismissed his petition on timeliness grounds, he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* We need not address the constitutional question if reasonable jurists would not debate the resolution of the procedural one. *See id.* at 485. Reasonable jurists would not debate that Gonzales's petition was procedurally time-barred.

A § 2254 petition generally must be filed within the statutory one-year limitations period. § 2244(d)(1). As the magistrate judge concluded, Gonzales filed his petition years after the limitations-period expired. So his petition was untimely. On appeal, he does not dispute this conclusion. Rather, he suggests in passing that "he should have been exempt from the times" because his trial attorney refused to give him certain transcripts. Op. Br. at 8. Construing his brief liberally, we understand him to be arguing for equitable tolling of the limitations period. *See McQuiggin v. Perkins*, 569 U.S. 383, 391–92 (2013) (explaining equitable tolling).

3

To warrant equitable tolling, Gonzales needed to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 391 (internal quotation marks omitted); *see Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support [equitable tolling.]" (internal quotation marks omitted)). He did not meet this high burden. Beyond failing to argue for equitable tolling before the magistrate judge, he has yet to explain how the lack of transcripts prevented him from timely pursuing his federal claims. So he failed to show the diligence and extraordinary circumstances that equitable tolling requires.

Because Gonzales untimely filed his petition, and because he failed to show that he deserved equitable tolling, the district court rightly dismissed his habeas petition as time-barred. Reasonable jurists "could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

## CONCLUSION

We deny Gonzales's application for a COA and dismiss this appeal. We also deny his motion to proceed IFP because he failed to demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support

of the issues raised on appeal." *Rolland v. Primesource Staffing, LLC*, 497 F.3d 1077, 1079 (10th Cir. 2007).

Entered for the Court


Gregory A. Phillips
Circuit Judge