**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**August 14, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWAIN PAUL MCCOY,

Defendant - Appellant.

No. 25-6039
(D.C. No. 5:07-CR-00065-G-1)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

_____

Dwain Paul McCoy, a federal prisoner proceeding pro se, appeals the

district court's denial of his request for a sentence reduction under 18 U.S.C.

§ 3582(c)(1)(A), commonly known as compassionate release.[1] He also requests

to proceed in forma pauperis (IFP) on appeal. Exercising our jurisdiction under

_____

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because McCoy proceeds pro se, we liberally construe his filings, but
we do not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975
(10th Cir. 2009).

28 U.S.C. § 1291, we deny his motion to proceed IFP and we affirm the denial of his motion for compassionate release.

## BACKGROUND

In 2007, McCoy pleaded guilty to one count of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a). The district court sentenced him to 360 months' imprisonment. McCoy's projected release date is December 3, 2031. Bureau of Prisons (BOP) Inmate Locator, BOP, https://www.bop.gov/inmateloc// (last visited Aug. 11, 2025). He is currently incarcerated at FCI Milan. *Id.*

In August 2023, McCoy moved for compassionate release. He argued that the following circumstances qualified as extraordinary and compelling reasons for a sentence reduction: (1) his mother's need for physical assistance and the lack of any other caretaker; (2) his age, medical conditions; (3) the conditions of his confinement during the COVID-19 pandemic; and (4) his rehabilitation.[2] The government conceded that McCoy had exhausted his administrative remedies but argued that none of these circumstances were extraordinary and compelling reasons for a sentence reduction.

The district court denied compassionate release. *United States v. McCoy*, No. 5:07-CR-00065-G-1, (W.D. Okla. Mar. 6, 2025), ECF No. 87. First, the

---

[2] While his motion was pending, McCoy supplemented his motion to apprise the district court of relevant developments, like his father's death and his mother's declining health.

2

district court concluded that McCoy's family circumstances did not warrant relief because he failed to show that his mother was "incapacitated" and that he would be her sole caretaker. *Id.* at 4; *see* U.S.S.G. § 1B1.13(b)(3) (listing "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" as an extraordinary and compelling reason). Second, the district court determined that his age and medical conditions did not meet the definition of extraordinary and compelling reasons. *McCoy*, No. 5:07-CR-00065-G-1, ECF No. 87 at 5. Third, the district court found that his arguments about the conditions of his confinement were not "so deficient as to suggest a lawful sentence should be terminated and the detainee released." *Id.* at 6. Fourth, the court rejected his rehabilitation argument, noting that "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* (citation modified). McCoy timely appealed.

## DISCUSSION

We review a district court's denial of compassionate release under § 3582(c)(1)(A) for abuse of discretion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.* (quoting *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)). On appeal, McCoy argues that the district court abused its discretion in concluding that he failed to present extraordinary and compelling reasons warranting a

3

sentence reduction. We first discuss the applicable legal standard and then analyze McCoy's appellate arguments.

## I.  Legal Standard

Federal courts may not modify a term of imprisonment, save for a few narrow exceptions. *Freeman v. United States*, 564 U.S. 522, 526 (2011) (citing 18 U.S.C. § 3582(c)). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A). *Id.* Section 3582(c)(1)(A) permits a defendant to move for compassionate release after exhausting administrative remedies.[3]

Upon administrative exhaustion, a district court may grant compassionate release only if the defendant meets three requirements under § 3582(c)(1)(A). *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). First, the district court must find that "extraordinary and compelling reasons warrant a sentence reduction." *Id.* (citation modified). Second, the court must determine that "such reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id.* (citation modified). Third, the district court must consider the sentencing factors under 18 U.S.C. § 3553(a) and determine whether the defendant's particular circumstances warrant a sentence reduction. *Id.* And the district court may deny compassionate release if the defendant fails

---

[3] The government concedes that McCoy had properly exhausted his administrative remedies before he moved for compassionate release in the district court.

to meet even one requirement, without addressing the other two requirements. *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021).

Under the second requirement, we look to the Sentencing Commission's policy statement on compassionate release. U.S.S.G. § 1B1.13. The policy statement recognizes six categories of "extraordinary and compelling reasons" justifying compassionate release: (1) certain medical circumstances of the defendant; (2) a combination of advanced age, deteriorating health, and a significant term of imprisonment already served; (3) compelling family circumstances; (4) sexual or physical abuse committed by correctional staff against the defendant; (5) other reasons that are similar in gravity to the prior four categories of extraordinary and compelling reasons; and (6) an unusually long sentence, combined with the defendant having served at least ten years and a subsequent change in law producing a gross sentencing disparity. § 1B1.13(b). With these standards in mind, we turn to McCoy's appeal.

## II.    Analysis

McCoy argues that the district court abused its discretion in denying his motion for compassionate release. He contends that three of his circumstances, when combined, constitute extraordinary and compelling circumstances.[4] Those

---

[4] McCoy's motion for compassionate release included other circumstances, like his age and medical conditions. The district court addressed those arguments in its order denying him compassionate release, *McCoy*, No. 5:07-CR-00065-G-1, ECF No. 87 at 5, but McCoy does not challenge those conclusions on appeal.

three circumstances are: (1) his family circumstances, (2) the conditions of his confinement during the COVID-19 pandemic; and (3) his rehabilitation. *Id.* at 8–22. Though he argues that he is warranted relief when those three circumstances are combined, we nevertheless liberally construe his brief and review each ground on its own and in combination.

### A.    Family Circumstances

First, McCoy claims that his family circumstances satisfy § 1B1.13(b)(3)(C). That section provides that "[t]he incapacitation of the defendant's parent" qualifies as an extraordinary and compelling reason "when the defendant would be the only available caregiver for the parent." § 1B1.13(b)(3)(C). The district court concluded that McCoy failed to show that his mother was incapacitated and that he was the only available caregiver. *McCoy*, No. 5:07-CR-00065-G-1, ECF No. 87 at 4. Specifically, the district court reasoned that though McCoy's mother suffers from pain and a serious condition, she is not incapacitated because she is still able to drive and live independently at home. *See id.* And the district court concluded that McCoy isn't the only available caretaker because his mother receives assistance from others (a neighbor and a friend) and has the option of moving to an assisted-living facility. *Id.*

McCoy challenges both conclusions. First, he argues that his mother— who suffers from osteoporosis, cardiac arrhythmia, chronic obstructive pulmonary disease and hypertension—is incapacitated because her doctor

6

provided a letter stating that she needs "24-hour help" to complete daily activities. R. vol. I, at 135. Though the Sentencing Guidelines do not define the term "incapacitated," courts have referenced other sources for its meaning, including the Bureau of Prisons (BOP) Program Statements. *See United States v. Rosario-Cruzado*, No. 24-6365, 2025 WL 1540932, at *2 (4th Cir. May 30, 2025) (unpublished). The BOP defines "incapacitation" in this context—where the defendant would be the only caregiver for the individual—as being "completely disabled, meaning that the [individual] cannot carry on any self-care and is totally confined to a bed or chair[.]"[5] BOP Program Statement 5050.50 (Jan. 17, 2019). McCoy's mother is not so confined. So the district court did not clearly err in concluding that his mother was not incapacitated.

Second, McCoy argues that the district court erred in concluding that he was not the only available caregiver. He argues that his mother's neighbor and friend who help her don't provide enough care, and that she would not be able to afford assisted living through his 2031 release date. Though we are sympathetic to his mother's position, we cannot conclude that the district court clearly erred in finding that his mother has caretakers other than McCoy available to her.

---

[5] The BOP also defines "incapacitation" as "[a] severe cognitive deficit (e.g., Alzheimer's disease or traumatic brain injury that has severely affected the [individual's] mental capacity or function), but may not be confined to a bed or chair." BOP Program Statement 5050.50 (Jan. 17, 2019).

###### B.    COVID-19 Conditions

Second, McCoy argues that harsh prison conditions during the COVID-19 pandemic warrant a sentence reduction. He details how the prison's COVID-19 restrictions affected his mental health.[6] Section 1B1.13(b) does not list unduly harsh prison conditions as an extraordinary and compelling reason. So we review this argument under § 1B1.13's catchall provision:

> The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in [§ 1B1.13(b)(1)–(4)], are similar in gravity to those described in [§ 1B1.13(b)(1)–(4)].

§ 1B1.13(b)(5).

McCoy describes how a fellow inmate's death from COVID-19, as well as the facilities' COVID-19-lockdown policies, caused him emotional distress. We are sympathetic to McCoy's circumstances, but these conditions fail to rise to the level of extraordinary and compelling reasons for a sentence reduction. Though McCoy describes these experiences as causing "psychological scars," he hasn't provided any medical records that show any diagnosis or treatment connected to the emotional distress this period of incarceration caused him. Op. Br. at 18. Under these circumstances, we cannot conclude that McCoy's prison

---

[6] The district court never directly addressed this argument for compassionate release. *See McCoy*, No. 5:07-CR-00065-G-1, ECF No. 87 at 5–6. The argument was not included in McCoy's original motion but was included in one of his addendums to his compassionate-release motion. But we may affirm the district court's order on any ground supported in the record. *Jordan v. U.S. Dep't of Justice*, 668 F.3d 1188, 1200 (10th Cir. 2011).

conditions were so harsh that they are "similar in gravity" to the circumstances described in § 1B1.13(b)(1)–(4), which include terminal illness. § 1B1.13(b)(5). His prison conditions fail to qualify as extraordinary and compelling reasons for compassionate release.

## C.     Rehabilitation

Third, McCoy argues that his significant rehabilitation is an extraordinary and compelling reason for compassionate release when combined with his other circumstances. Op. Br. at 19 ("[McCoy] did not ask the district court to consider [rehabilitation] alone nor is he asking that of this Court. Rehabilitation has to be considered with other reasons."). He argues that his good behavior and education efforts demonstrate substantial rehabilitation. The district court noted that his rehabilitation alone cannot be an extraordinary and compelling reason and found that his rehabilitation was not sufficient to grant compassionate release. *See McCoy*, No. 5:07-CR-00065-G-1, ECF No. 87 at 6. Because McCoy acknowledges on appeal that his rehabilitation alone cannot afford him relief, we will consider his rehabilitation alongside his other circumstances.

## D.     Combination of Circumstances

Last, McCoy argues that he has shown an extraordinary and compelling reason for compassionate release when his family circumstances, harsh COVID-19-related conditions, and his rehabilitation are combined. *See* § 1B1.13(b)(5) (permitting a district court to consider whether a "combination

9

of circumstances" is extraordinary and compelling). We are sympathetic to his family circumstances and the conditions he faced during the COVID-19 pandemic, and we laud his significant rehabilitation. But based on the discussion above, we conclude that the combination of these circumstances is not extraordinary and compelling to warrant compassionate release.

## CONCLUSION

We affirm the denial of McCoy's motion for compassionate release and dismiss this appeal. We also deny his motion to proceed IFP because he failed to demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Rolland v. Primesource Staffing, LLC*, 497 F.3d 1077, 1079 (10th Cir. 2007).

Entered for the Court

Gregory A. Phillips
Circuit Judge

10