**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ALVIN PARKER,

    Petitioner - Appellant,

v.

SCOTT TENSLEY,

    Respondent - Appellee.

No. 26-6000
(D.C. No. 5:25-CV-00767-D)
(W.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

_____

Before **TYMKOVICH**, **PHILLIPS**, and **FEDERICO**, Circuit Judges.

_____

Alvin Parker, a state prisoner proceeding *pro se*,[1] applies for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition for habeas relief. He also moves to proceed *in forma pauperis* (IFP) on appeal. For the reasons below, we **DENY** a COA, **DENY** Parker's IFP motion, and **DISMISS** this appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] As a *pro se* litigant, we construe Parker's application liberally. *See Luo v. Wang*, 71 F.4th 1289, 1291 n.1 (10th Cir. 2023). But we do not act as his advocate. *Id.*

## I.    Background

An Oklahoma state jury convicted Parker of second-degree murder in 1990 for killing an off-duty police officer.  The state judge sentenced Parker to 199 years in prison.  Parker appealed to the Oklahoma Court of Criminal Appeals (OCCA).  The OCCA affirmed his conviction and sentence in 1994.

Oklahoma enacted the Oklahoma Survivors' Act (OSA) in 2024, which allows a prisoner to file a "request to apply for resentencing" with his original sentencing court. Okla. Stat. tit. 22 § 1090.5(A).  A prisoner convicted of second-degree murder must establish by "clear and convincing evidence" that he meets certain statutory criteria before the court will permit him to apply for resentencing.  *Id.* § 1090.3(D); *see also* Okla. Stat. tit. 57 § 571(2)(j).

Parker filed a request to apply for resentencing under the OSA with the state district court.  He claimed that his cousin and the victim (the off-duty officer) "set [him] up" so the officer could "coerce him into becoming a confidential informant" like his cousin.  Aplt. Br. at 11.  Parker said the alleged scheme caused him to kill the officer so he could escape.  He argued that he thus met the parameters of the statute because his "victim was the perpetrator of . . . psychological abuse by . . . a family member" and that "abuse was related to and was a substantial contributing factor in causing [him] to commit the" murder.  Okla. Stat. tit. 22 § 1090.3(C), (D).  Parker included various documents (*e.g.*, trial transcripts) with his request that he alleged corroborated the abuse.

The state district court denied his request.  It found Parker was not eligible for resentencing because he failed to show that he met the OSA's statutory criteria.

Parker filed a writ of mandamus with the OCCA asking it to order the state district court to comply with the OSA. The OCCA denied his petition, finding Parker failed to demonstrate he was entitled to mandamus relief. *See Alvin Parker v. State of Oklahoma*, No. MA-2025-475 (Okla. Crim. App. July 2, 2025).

Parker then petitioned the federal district court for the Western District of Oklahoma for habeas relief under 28 U.S.C. § 2254. Parker argued his allegation about his victim's psychological abuse "entitled [him] to resentencing under" the OSA, and so the state court's denial of his request violated his due process rights because the denial was "arbitrary or capricious, as no reasonable factfinder could have so concluded." Aplt. Br. at 8, 11 (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)) (internal quotation marks omitted).

The district court dismissed his petition. It found Parker "fail[ed] to sufficiently explain any facts that would suggest the Oklahoma district court's conclusion was arbitrary or capricious." R., Vol. I at 76. Rather, the district court determined Parker "merely expresse[d] dissatisfaction" with the state court's decision. *Id.* It also concluded that Parker's petition did not state a cognizable claim because "habeas relief is unavailable when the error involves only post-conviction procedures rather than the imposition of the conviction or sentence." *Id.* at 77 (quoting *Graham v. White*, 101 F.4th 1199, 1205 (10th Cir. 2024)). The district court also later denied Parker's request for a COA. Parker now applies to this court for a COA, arguing the district court erred dismissing his petition.

3

## II.    Discussion

A state prisoner who seeks to appeal a district court's denial of his § 2254 habeas application must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right . . . ." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

"But habeas relief is unavailable when the error involves only the post-conviction procedures rather than the imposition of the conviction or sentence." *Graham*, 101 F.4th at 1205 (citing *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998)). *See also Sellers*, 135 F.3d at 1339 ("[N]o constitutional provision requires a state to grant post-conviction review." (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987))).

Section 1090.5 of the OSA—the provision that Parker filed his request under—is a postconviction procedure: it permits state prisoners who have *already been convicted and sentenced* to request to apply for resentencing if they meet certain statutory criteria. *See* Okla. Stat. tit. 22 §§ 1090.2, 1090.5(A), (G)(2) (If the court finds a "person who is: [c]onfined" and "[s]erving a sentence for an offense committed *prior* to the effective date of this act" is entitled to apply for resentencing, "the court shall conduct a sentencing hearing"; "sentencing hearing" is defined as "a *postconviction* hearing in which the defendant is brought before the court for imposition of a sentence." (emphasis added)). And although other provisions of the OSA relate to the imposition of a sentence in the

first instance, those provisions only apply to defendants that Oklahoma convicts *after* the OSA's 2024 enactment. *See, e.g.*, *id.* § 1090.3(A) ("During a hearing to [s]entence a person, . . . who is a survivor of domestic violence and has been charged with a crime, the court shall consider [certain enumerated] mitigating factor[s] . . . .").

Oklahoma convicted and sentenced Parker over thirty years ago. Parker filed his request to apply for resentencing under § 1090.5—a post-conviction procedure. In his habeas petition, Parker did not challenge the validity of his original conviction or sentence; he challenged the state court's rejection of his § 1090.5 request. *See* R., Vol. I at 10 (Parker stating in his habeas petition that he submitted his OSA request in a "*post-conviction* motion*" in state court (emphasis added)). As a result, habeas relief under § 2254 is unavailable for Parker's challenge to Oklahoma's postconviction procedures under the OSA. *See Graham*, 101 F.4th at 1205; *see also, e.g.*, *Williams v. Bridges*, No. 25-6025, 2025 WL 1588103, at *2 & n.2 (10th Cir. June 5, 2025) (denying a COA for a prisoner's claim that Oklahoma state courts ignored his application for post-conviction relief in which he claimed a right to present mitigating evidence under the OSA).

Because no reasonable jurist could find it debatable whether Parker's petition states a valid claim, we must deny him the COA. *Slack*, 529 U.S. at 484. We therefore need not address the merits of Parker's due process claim.

Parker also moves this court for leave to proceed IFP. The district court denied Parker's IFP request below. It found his appeal was not taken in good faith because he failed "to identify any nonfrivolous issue to be raised on appeal . . . ." R., Vol. I at 98–99 (citing 28 U.S.C. § 1915(a)(1), (3)). And although the district court's finding does not

5

bar Parker from moving this court for leave to proceed IFP, *see Rolland v. Primesource Staffing, LLC*, 497 F.3d 1077, 1079 (10th Cir. 2007), we nevertheless agree with the district court. Because we find Parker's habeas petition "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), and because Parker "has failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *Rolland*, 497 F.3d at 1079, we deny the IFP motion.

## III.  Conclusion

For those reasons, we deny Parker's application for a COA, deny his motion to proceed IFP on appeal, and dismiss this matter. The amended brief and application for a COA has been accepted, and will be filed as of the date it was received.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge