FILED
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 26, 2025**

**Christopher M. Wolpert
Clerk of Court**

———————————————————

DYWAND DAYTRON JULIEN,

    Petitioner - Appellant,

v.

ANDRE MOSES STANCIL, Executive
Director of CDOC; GUY BOSCH,
Warden at Crowley County
Correctional Center,

    Respondents - Appellees.

No. 25-1302
(D.C. No. 1:25-CV-01066-LTB-RTG)
(D. Colo.)

———————————————————

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

———————————————————

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

———————————————————

Dywand Daytron Julien, a state prisoner proceeding pro se, requests a certificate of appealability (COA) to appeal the district court's order dismissing his 28 U.S.C. § 2254 petition.[1] He also requests to supplement the record on appeal and proceed in forma pauperis (IFP). Exercising jurisdiction under 28

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Julien proceeds pro se, we liberally construe his arguments, but we do not act as his advocate. *See Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023).

U.S.C. §§ 1291 and 2253, we grant Julien leave to supplement the record and to proceed IFP, but we deny a COA and dismiss this matter.

## BACKGROUND

On March 9, 2021, a Colorado jury convicted Julien of one count of sexual assault and one count of weapons possession by a previous offender. The state court sentenced Julien to twenty-three years to life in prison. He unsuccessfully appealed through the Colorado state court system. He did not seek any postconviction relief in state court.

On April 4, 2025, Julien filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. In his petition, he raised six grounds for relief arising from alleged Fourteenth Amendment violations at his trial. He alleged issues with excluding and concealing evidence, fair-trial violations relating to the prosecution's perjury and the court's failure to procure witnesses, and violations of his right to represent himself.

A magistrate judge recommended that the district court deny Julien's petition and dismiss it under 28 U.S.C. § 2254(b)(1) because he did not exhaust his remedies in state court. According to the magistrate judge, Julien should have presented his new evidence in Colorado state court before seeking federal habeas relief.

Julien timely objected to the magistrate judge's recommendations. The district court adopted the recommendations and dismissed Julien's petition. The

court also denied Julien leave to proceed IFP on appeal, denied a COA, and certified that any appeal would not be taken in good faith.

Julien now seeks a COA to appeal the district court's denial of habeas relief. He also seeks leave to proceed IFP and to supplement the record on appeal with additional evidence.

## DISCUSSION

Julien must obtain a COA to appeal the district court's denial of habeas relief from state detention. 28 U.S.C. § 2253(c)(1). We will not grant a COA unless Julien makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Because the district court denied Julien's petition on procedural grounds, he must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We can address either requirement and, if one is not met, we need not address the other. *Id.* at 485.

The district court denied Julien's § 2254 petition on procedural grounds.[2] He doesn't challenge that reasoning. Instead, he argues that the district court

---

[2] The district court did not address Julien's actual-innocence argument. That was error. *Wolfe v. Johnson*, 656 F.3d 140, 165 (4th Cir. 2009); *see Bousley v. U.S.*, 523 U.S. 614, 612 (1998). Because an actual-innocence showing can excuse procedural default, the district court should have addressed it. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("[A] credible showing
(*footnote continued*)

3

erred by not addressing his actual-innocence argument. Julien's petition relies on a narrow exception to procedural default. Julien argues that he is actually innocent and that it would be a fundamental miscarriage of justice not to grant him relief.

It is true that "[a] proper showing of actual innocence by a habeas petitioner enables the petitioner to pursue a claim that would otherwise be barred on grounds other than the merits." *Pacheco v. Habti*, 62 F.4th 1233, 1241 (10th Cir. 2023). And when used to overcome procedural issues, an actual-innocence claim "is not itself a constitutional claim, but a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). The actual-innocence exception applies "when a petitioner can demonstrate that he is actually innocent of the crime of conviction." *Pacheco*, 62 F.4th at 1241 (citation omitted). In this context, "actual innocence" means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

---

of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief."). But a district court's failure to address an argument does not alone warrant a COA. That is because we can deny a COA for any reason supported by the record, even if the district court did not rely on that reason. *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005). So, because we must ask whether jurists of reason would find it debatable whether the district court's procedural ruling was correct, we address Julien's actual-innocence arguments here.

To qualify for the exception, Julien must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). That requires him to "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

Julien relies primarily on four new pieces of evidence not available at trial: a statement by a state attorney on direct appeal and three recent affidavits by eyewitnesses.[3]

The attorney statement concerns the date of Julien's arrest and the arresting officer's identity. Julien alleges that, on direct appeal, a lawyer for the state disclosed: "Here, September 15, 2016: Defendant is arrested." Op. Br. at 8 (citation modified). But according to Julien, he voluntarily surrendered to police on September 20, 2016, and so this statement suggests an officer committed perjury at Julien's trial. But the attorney statement says nothing about whether Julien is factually innocent of either of his convictions. So, we conclude it would not sway a reasonable jury.

The three eyewitness affidavits that Julien presents are more clearly relevant to the underlying convictions. The first, from Heshimo Carr,

---

[3] We grant Julien's motion to supplement the record on appeal because the materials he wants to add were before the district court. *See* Fed. R. App. P. 10(e); *United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000).

corroborates Julien's assertion that Carr and the victim of Julien's sexual assault, Tia Schafer, went to Julien's house to take methamphetamine. The second, from John Curtis, supports Julien's assertions that Schafer agreed to have sex with Julien in exchange for methamphetamine. The third, from Promise Lee, supports Julien's story that he surrendered to police on September 20, 2016, rather than being arrested on September 15.

But none of these affidavits shows that Julien is factually innocent of either crime. Even if Tia Schafer agreed to have sex with Julien in exchange for methamphetamine, a reasonable jury could conclude that she later withdrew her consent or was made to engage in other acts to which she never consented. Thus, we are not convinced that no reasonable juror would have convicted Julien in light of this evidence.

In his application, Julien also relies on a fifth piece of evidence: a statement Schafer gave in a police interview. Julien argues that state officials unlawfully withheld that Schafer, referencing Julien, told police: "I love that man to death . . . all he wants to do is try and get me high and fuck me too." Op. Br. at 7. But this statement, too, says nothing about Julien's factual innocence.

Thus, we conclude that Julien does not "show that it is more likely than not that no reasonable juror would have convicted him in the light of this evidence." *Schlup*, 513 U.S. at 327. So reasonable jurists could not disagree

6

with the district court's resolution of his habeas petition. *See Pacheco*, 62 F.4th at 1247.

Though we deny Julien a COA and dismiss his appeal, we must address his request to proceed IFP. *See Clark v. Oklahoma*, 468 F.3d 711, 714–15 (10th Cir. 2006) (stating that a petitioner must pay the filing fee even after denial of a COA). The district court certified under 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith. But we may consider Julien's IFP motion notwithstanding § 1915(a)(3). *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1078–79 (10th Cir. 2007).

To proceed IFP, Julien must show "a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (citation modified). Julien meets both requirements. He lacks the money to pay the filing fees, and we do not doubt Julien's good faith, even if his arguments are not convincing.

## CONCLUSION

We grant Julien's IFP motion and his motion to supplement the record. But we deny his request for a COA and dismiss this matter.

Entered for the Court

Gregory A. Phillips
Circuit Judge

7